UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,

           Plaintiffs,

  -against-

MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC,

           Defendants.

---

Case No. 1:24-cv-08077-JHR

**DECLARATION OF ROBERT SENIA IN FURTHER SUPPORT OF PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

---

ROBERT SENIA, of full age, hereby declares as follows:

1. I am a named plaintiff in the above-captioned matter and submit this declaration in further support of Plaintiffs' application for a preliminary injunction against Defendants. I am a both a member of Tecspec LLC and the President of SRS Enterprises Inc. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The evidence set out in this declaration is based on my personal knowledge.

2. At the outset, it cannot be understated that due to the malfeasance of Defendants, Tecspec LLC's Newark facility is still not operational. Again, the conduct Defendants, as identified in Plaintiffs' Verified Complaint, has quite literally brought Tecspec LLC's operations to a grinding halt.

3. Putting that aside, on November 29, 2024, Michael Donnolo submitted a declaration in opposition to Plaintiffs' application for a preliminary injunction (the "Donnolo Decl.") which contains two glaring falsehoods that must be addressed.

4. First, Mr. Donnolo states that SRS Enterprises Inc. is not a manufacturer's representative. (Donnolo Decl. at ¶ 2). Mr. Donnolo is wrong. SRS Enterprises Inc. was founded in 1994 and has represented high quality manufacturers of industrial and commercial products for system solutions to both small and large facilities, in the existing and new building construction markets.

5. As a manufacturer's representative, SRS Enterprises Inc. markets and sells a multitude of HVAC component manufacturer's products. By way of example, SRS Enterprises Inc. sells products manufactured by: (i) Direct Coil, Inc.; (ii) Heatcraft; (iii) Klimak; (iv) RuppAir; and (v) Berner.

6. Further, SRS Enterprises Inc. has successfully sold various products to projects throughout New York City, including: (i) the Bronx Post Office; (ii) the Intrepid Museum; (iii) the Memorial Sloan Kettering Cancer Center; and (iv) Brooklyn Cruise Terminal. Simply put, SRS Enterprises Inc. has had monumental success in assisting the manufacturers it works with obtain valuable contracts.

7. Critically, SRS Enterprises Inc. does not unilaterally set the price for any of the manufacturer's products it sells. Rather, SRS Enterprises Inc. works directly with its partners to agree on a price that keeps the manufacturer's products competitive in the marketplace, while at the same time ensuring all parties involved earn a profit. In plainer terms, any suggestion by Mr. Donnolo that SRS Enterprises is not a manufacturer's representative is simply wrong.

8. Second, and similarly, Mr. Donnolo states that "Plaintiffs unilaterally controlled Tecspec's price for its units, which never had any relation to the actual cost of production." (Donnolo Decl. at ¶ 4). That is patently false, and in fact, Mr. Donnolo was responsible for setting the prices for Tecspec LLC's HVAC units.

9. For example, on February 1, 2021, Mr. Donnolo, on behalf of Tecspec LLC, submitted a proposal to Fisher Brothers for the purchase of 528 induction units for a total price of $1,056,000.00. (Attached as **Exhibit A** hereto is a true and accurate copy of the February 1, 2021 proposal). Neither myself, nor Richard Rose or Ralph Schlenker, had any involvement in the submission of this proposal, nor did we set the price.

10. Likewise, on November 29, 2024, Tristan Schwartzman, the principal of Goldman Copeland Associates, PC (an engineering firm), specifically reached out to Mr. Donnolo to obtain a "budget estimate for a single floor induction unit replacement." (Attached as **Exhibit B** is a true copy of this email correspondence). Mr. Donnolo, on behalf of Tecspec, subsequently reached out to non-party Kevin Kerr, who assisted him in pricing forty-two (42) Atmosphere units at $126,000. (Id.).

11. Similarly, on December 1, 2021, Mr. Donnolo emailed two employees of SRS Enterprises Inc. an excel sheet setting the prices for Tecspec LLC's HVAC units. (Attached as **Exhibit C** is a true copy of this email correspondence and accompanying excel sheet).

12. Mr. Donnolo actively negotiated and set the prices for Tecspec LLC's HVAC units, not the Individual Plaintiffs[1]. In fact, it was Mr. Donnolo who at certain times would require SRS Enterprises Inc. to mark Tecspec's goods up by 20%. Indeed, Mr. Donnolo's attempt to distance himself from his involvement with Tecspec LLC is wholly disingenuous.

13. In actuality, Mr. Donnolo was the lead manager of Tecspec LLC who was responsible for overseeing the day-to-day operations of the business.

---

[1] The term "Individual Plaintiffs" shall mean and refer to Robert Senia, Richard Rose, and Ralph Schlenker.

14. To that end, Mr. Donnolo: (i) hired and terminated Tecspec LLC employees; (ii) set Tecspec LLC employees' pay; (iii) oversaw the manufacturing of Tecspec LLC HVAC units; (iv) negotiated prices for Tecspec LLC HVAC units; and (v) oversaw the progress of Tecspec LLC job sites.

15. Despite those responsibilities, Mr. Donnolo states in his declaration that "Tecspec has not done business [at the 730 Teacher's Insurance Building] in at least 18 months." (Donnolo Decl. at ¶ 24). That job has not been completed, and the reality is that if Tecspec LLC did not work on that project for eighteen months, that is solely attributable to Mr. Donnolo's failure to adhere to his duties as the lead manager of the company.

16. If Tecspec LLC was not working on that project, it was because Mr. Donnolo was not working for Tecspec LLC, in direct violation of his fiduciary duties owed to Tecspec LLC and the Individual Plaintiffs. Likewise, it also means that Joshua Donnolo and John Michael Long, high level Tecspec employees, were also not working for the company.

17. In fact, instead of working for Tecspec LLC over that eighteen-month period, it is now fully apparent that Mr. Donnolo, Joshua Donnolo, and John Michael Long were actually working for Tecspec's competitor, the Braya Entities, to create an HVAC Unit which relies on the Coanda effect, to the detriment of Tecspec LLC. To the best of my knowledge, the Braya HVAC unit is the only Coanda-effect based HVAC unit on the market.

18. Mr. Donnolo cannot state that Tecspec LLC was not operating at its full capacity when his misfeasance is the reason for same.

19. For the reasons set forth above and in the accompanying papers, I respectfully ask this Court to grant Plaintiffs' Order to Show Cause in its entirety.

4

## **DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

DocuSigned by:

*Robert Senia*

34A08DC0993F413...

ROBERT SENIA

5