**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew S. Blum, Esq.
+1 (212) 551-8459
MBlum@rosenbergestis.com

December 10, 2024

<u>Via ECF</u>
The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    **Re:** *Tecspec LLC, et al. v. Michael Donnolo, et al.*
       Civil Action No. 1:24-cv-8077-JHR
       <u>**Letter Motion to Strike Plaintiffs' Reply**</u>

Dear Judge Rearden:

  My office represents the Defendants in the above-referenced action.

  As I will bring up in oral argument, this concerns Plaintiffs' submissions filed on reply on December 6, 2024. This letter requests that Plaintiffs' reply be stricken from the record as impermissible evidence submitted on reply.

  On October 24, 2024, Plaintiffs filed their order to show cause seeking a temporary restraining order and preliminary injunction. ECF Nos. 10-12. Therewith, Plaintiffs filed a proposed order (ECF No. 10), a legal brief (ECF No. 11), and Declaration of David Lopez (ECF No. 12) containing 14 paragraphs, with the attached Complaint (ECF No. 1) as an exhibit.

  On October 29, 2024, Defendants filed opposition to the temporary restraining order. ECF Nos. 26, 26.1-8. On October 30, 2024, Plaintiffs filed further documents and declarations in support of their motion. ECF Nos. 28, 28-1, Exhibits A-E.

  On November 29, 2024, Defendants filed further opposition to Plaintiffs' motion. ECF No. 48. And on December 6, 2024, Plaintiffs filed a further legal brief, fact declarations, an expert declaration offering first-time expert testimony on reply, together with exhibits thereto, and further declarations at ECF Nos. 50, 51, 52, and 53, with respective exhibits thereto as well.

  As will be raised in the argument before the Court today, Defendants object to the documents and materials submitted on December 6, 2024 and move to strike them from the record. The Second Circuit Court of Appeals resolves this strongly in favor of striking Plaintiffs' materials submitted on reply:

> Arguments may not be made for the first time in a reply brief. For example, in *N.L.R.B. v. Star Color Plate Serv.,* 843 F.2d 1507 (2d Cir.1988), we rejected an attempt "to raise [an issue] for the first time in [a] reply brief" even though the issue had been raised in a previous proceeding. *Id.* at 1510 n. 3. We stated that the "failure to present this claim in [the] original brief before this court provides

*Tecspec LLC, et al. v. Michael Donnolo, et al.*
Request to Strike Plaintiffs' Evidence on Reply
December 10, 2024
Page 2

> [a] ground under Fed.R.App.P. 28(a)(2) for our refusal to hear this claim." *Id.; see also Bendix Autolite Corp. v. Midwesco Enters. Inc.,* 486 U.S. 888, 893–97, 108 S.Ct. 2218, 2222–23, 100 L.Ed.2d 896 (1988) (refusing to evaluate an argument the Sixth Circuit refused to consider because first raised in reply brief); *Lee v. Burkhart,* 991 F.2d 1004, 1010 n. 4 (2d Cir.1993) (declining to consider plaintiff's allegation raised for first time in reply brief); *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 653 n. 3 (2d Cir.1979). Other circuits similarly refuse to consider issues that have not been argued in the opening appellate brief. *See, e.g., United States v. Jenkins,* 904 F.2d 549, 554 n. 3 (10th Cir.), *cert. denied,* 498 U.S. 962, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990); *Duggan v. Board of Educ. of E. Chicago Heights,* 818 F.2d 1291, 1293 (7th Cir.1987).
>
> It is true that the reply brief does "reply" to arguments made by appellees in their answering brief. The fact that appellees felt compelled to address the merits out of caution does not, however, broaden the appellants' Statement of Issues. For this reason, we strike the reply brief as irrelevant under the Statement of Issues

*Knipe v Skinner,* 999 F2d 708, 711 [2d Cir 1993].

    Further than arguments presented for the first time, it is further settled that new evidence submitted on reply even for arguments not being made for the first time is impermissible because it is manifestly unreasonable to permit such materials in light of the non-moving party's inability to respond:

> "Courts in this District have frequently declined to consider evidence first submitted on reply." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey,* No. 15-CV-3526, 2016 WL 6083956, at *4 (S.D.N.Y. Oct. 17, 2016). The rule deters the practice of raising new arguments on reply that the opposing party is unable to respond to.
>
> As U.S. Bank points out, it was unable to depose Crudo or prepare for his testimony. (Dkt. No. 244 at 1.) This is precisely the type of concern that precludes the admission of newly-raised evidence on reply. Royal Park argues that the testimony is responsive to U.S. Bank's contentions pertaining to class identify and administrative feasibility. (Dkt. No. 250 at 1.) However, as the party seeking class certification, Royal Park bears the initial burden on both those elements and cannot solely wait to respond to deficiencies U.S. Bank raises in its in opposition.

*Royal Park Investments SA/NV v U.S. Bank N.A.,* 324 F Supp 3d 387, 395 [SDNY 2018].

    In another example, in the matter *Dixon v NBCUniversal Media, LLC*, 947 F Supp 2d 390 [SDNY 2013], this Court held that "[i]t is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden…" *id*, at 396.

*Tecspec LLC, et al. v. Michael Donnolo, et al.*
Request to Strike Plaintiffs' Evidence on Reply
December 10, 2024
Page 3

      Moreover, in *Aurora Loan Services, Inc. v Posner, Posner & Assoc., P.C.,* 513 F Supp 2d 18 [SDNY 2007], this Court reasoned that "[t]o allow plaintiff to then submit new materials to meet its burden would inappropriately allow plaintiff a second bite at the summary judgment apple. Nor does this court agree that allowing defendant an additional sur-reply cures any error because it again allows plaintiff an additional chance to meet its burden on summary judgment, and also creates opportunities for gamesmanship in motion practice. In short, plaintiff had the initial burden…" *id,* at 20.

      Here, the burden is far higher in that Plaintiffs are required to prove prima facie entitlement by clear and convincing evidence. In their initial motion which should have included <u>all</u> of their evidence, Plaintiffs failed to submit evidence in support. Only after opposing the temporary restraining order did Plaintiffs' attempt to submit any evidence at all, which Defendants painstakingly rebutted.

      Now, on reply, Plaintiffs offer not only multiple additional declarations and documentation, but also expert testimony. It would be patently improper for any additional evidence to be considered, much less unrebutted expert testimony.

      Defendants ask this Court to disregard Plaintiffs' reply in its entirety.

                                        Respectfully submitted
                                        Matthew Blum