

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew S. Blum, Esq.
+1 (212) 551-8459
MBlum@rosenbergestis.com

December 12, 2024

**Via ECF**
The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        **Re:** *Tecspec LLC, et al. v. Michael Donnolo, et al.*
             Civil Action No. 1:24-cv-8077-JHR
             **Briefing Schedule On Defendants' Reply To**
             **Plaintiffs' Improperly Submitted Evidence On Reply**

Dear Judge Rearden:

      My office represents the Defendants in the above-referenced action.

      This is further to Defendants' request to submit supplemental briefing on Plaintiff's improper filings on December 6, 2024, where Plaintiffs submitted an abundance of documentary evidence in support of their application, which my office's letter dated December 10, 2024 clearly outlines is impermissible and must be struck from the record unless Defendants have an opportunity to respond.

      Critically, Plaintiffs submit expert testimony on reply. It is unbelievable that Plaintiffs simply retained an expert, provided that expert with documentary evidence to review, had that expert draft an opinion within a declaration, and then file that declaration within the 7 days that Plaintiffs had to reply to Defendants' opposition. Instead, it is clear that Plaintiffs hired their expert weeks, or even months ago, with the intention to furnish his opinion on reply when they should have provided any such opinion in the motion in chief. Plaintiffs chose this tactic to prejudice the Defendants, which Plaintiffs now point to as a "delay tactic."

      This sharp practice should not be condoned in that Plaintiffs now demand that Defendants scramble to secure an expert, have that expert review and respond to the conclusions provided by Plaintiffs' expert, all in a truncated amount of time. It simply is not reasonable to require the Defendants to reactively leap into the market to secure an expert to rebut improperly submitted expert testimony when Plaintiffs chose to keep secret their intention to submit expert testimony on reply when they clearly had plans to submit such testimony by hiring their expert weeks, or months, prior.[1]

      Defendants should have four weeks to secure an expert, have that expert review Plaintiffs' expert's opinions, and then provide expert rebuttal on the issues presented in Mr.

---

[1] Plaintiffs' argument that Mr. Sheard's testimony is not expert testimony is an absurd contention in that Mr. Sheard's submissions include his credentials as an expert, with his curriculum vitae, showing his qualifications to provide expert opinion. The record speaks for itself.

*Tecspec LLC, et al. v. Michael Donnolo, et al.*
Briefing Schedule On Defendants' Reply To
Plaintiffs' Improperly Submitted Evidence On Reply
December 12, 2024
Page 2

Sheard's declaration. This will take time, not only to have the expert review materials, but to generate his declaration, all over the holidays.

    Defendants request this Court direct Defendants supplemental opposition to Plaintiffs' improperly submitted evidence on reply to be submitted on or before January 9, 2025.

    I thank the Court for its time and consideration in this request.

    Respectfully submitted

    Matthew Blum