UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>Plaintiffs,<br><br>- against -<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, ABC CORPORATIONS 1-10,<br><br>Defendants. | Case No. 1:24-cv-08077-JHR<br><br>**DECLARATION OF MATTHEW S BLUM, ESQ** |

Matthew S Blum, an attorney duly authorized to practice law in the State of New York, declares under penalties of perjury as follows:

1. I am a Partner with Rosenberg & Estis, P.C., attorneys for Defendants in the above-referenced action.

2. I submit this declaration in opposition to Plaintiffs' Motion for injunctive relief.

**Plaintiffs continue to baselessly allege that Defendants are the cause of Tecspec's lack of operability, when it is Plaintiffs that have failed to take steps to get Tecspec operational.**

3. In addition to the Declaration by Michael Donnolo, dated December 31, 2024, I submit this in further opposition to Plaintiffs' Motion for Injunctive Relief.

4. In short, Plaintiffs' Motion continues, at various times, to aver that the Plaintiffs are somehow "not operational", which Plaintiffs attribute to some act by the Defendants. However, such is not the case, where the Plaintiffs have affirmatively failed to take the steps needed to get themselves up and running. To wit, the parties have had conferences to, in good faith, to facilitate Plaintiffs' assistance with getting Tecspec LLC operational. However, after providing all passwords, logins, and returning all electronics and other property belonging to Tecspec, the Plaintiffs failed to take any steps with that information to get themselves operational. In such

conferences, Plaintiff engaged an IT professional in order to assist Plaintiffs in understanding how to get the Tecspec facility operational. However, this was not done <u>before</u> such conferences between the parties, where the Plaintiffs hired an IT professional solely and limitedly for the purpose of having meetings between the parties.

5. In those meetings, Plaintiffs had yet to even open, or attempt to login to systems and software, which Plaintiffs wanted to do while in the conference with Defendants for the very first time. Notably, Plaintiffs had complained, and continue to complain, about not having access to systems, or knowing where certain things are in the Tecspec network. However, it is painfully clear that Plaintiffs have made no genuine attempt to learn what they do not know, or even, most fundamentally, use the passwords and logins that were provided.

6. In the last conference, Plaintiffs had inquired the whereabouts and nature of certain systems indicated on the Tecspec network. I insisted that a network map be produced (showing everything on the network), which we could then go, line-by-line, providing any information about all the systems or virtual machines on the network. To date, Plaintiffs have failed to provide such map – strategically so they can continue to complain about feigned items that Defendants are allegedly withholding.

7. Critically, Plaintiffs have failed to provide a plenary list of items or materials and, instead, have continued to do things piecemeal, which allows them to continue claiming that Defendants are somehow inhibiting Plaintiffs from getting operational. This should hold no moment with the Court in that Plaintiffs cannot identify a single thing that Defendants have affirmatively withheld or refused to provide.

**To the Extent Dr. Sheard's declaration is offered to opine on the Braya unit, or provide expert testimony, this should be disregarded.**

8. On Reply, Plaintiffs improperly submit the declaration of Dr. Geoff Sheard, a claimed expert which Plaintiffs hired to offer opinions concerning the Braya unit.

9. In response, Defendants requested an opportunity to secure a rebuttal expert witness, which was impossible given the timeframe in which Defendants had to do so. Specifically, expert testimony is governed by FRCP 26, which requires advance notice and an expert report to provide the party against which expert testimony is to be taken notice of the facts or data reviewed by the expert, and the qualifications of the expert. Plaintiffs clearly intended Dr. Sheard to be treated as an expert (as they submitted his CV), but failed to notice Defendants in advance of their intention to do so.

10. Defendants were blindsided by the declaration of Dr. Sheard, even though Plaintiffs had strategized, presumably for months, to present Dr. Sheard as a witness.

11. In that Plaintiffs deliberately withheld notice of Dr. Sheard so that Defendants could not prepare a rebuttal is sharp practice that should not be condoned.

12. Moreover, even with the short time that Defendants were given to secure an expert in fluid dynamics, given the time of year and timeframe to provide testimony, an expert was not able to be secured by the Defendants.

13. In this regard, Plaintiffs have unreasonably presented evidence which Defendants could not rebut with an expert of their own. To the extent Dr. Sheard offers testimony concerning expert opinions or analysis of the Braya unit, this should be disregarded.

**DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Matthew S Blum, Esq.

Dated: December 31, 2024