**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew S. Blum, Esq.
+1 (212) 551-8459
MBlum@rosenbergestis.com

January 2, 2025

**Via ECF**
The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: *Tecspec LLC, et al. v. Michael Donnolo, et al.*
        Civil Action No. 1:24-cv-8077-JHR
        Letter in re Defendants' responsive papers

Your Honor:

  My office represents Defendants in the above-referenced action. I write concerning the filing that was just made in further opposition to Plaintiffs' motion seeking injunctive relief.

  Resulting from Plaintiffs improperly filing evidence and expert testimony on reply, this Court permitted the Defendants to file further opposition in connection with Plaintiffs' filing.

  At ECF No. 57, I requested that Defendants be given 4 weeks to secure an expert and provide rebuttal testimony to the extent that Plaintiffs presented expert testimony on reply. At ECF No. 57, I had requested an opportunity to respond until January 9, 2025 in that such a tight turnaround time would already strain Defendants' ability to retain an expert in fluid dynamics (with Plaintiffs failing to notice their intention to use expert testimony and rather sandbag Defendants by filing their expert testimony on reply, without notice). I had further advised counsel that I would not be in the office from January 20 through the end of the year (returning next week, January 6, 2025), which underscores another reason additional time was necessary to properly oppose Plaintiffs' improper submissions. After due consideration, the Court ordered Defendants to respond on or before December 31, 2024.

  In the time provided, the Defendants could not find and retain an expert. As requested in my Declaration filed in further opposition, I request this Court disregard any expert testimony that was provided, without notice, since Defendants lacked sufficient time to secure an expert to rebut the testimony provided. This is important in that the testimony of Dr. Sheard lacks merit and is factually inaccurate.

  Concerning Defendants' filing deadline, on December 31, 2024, I e-mailed counsel for Plaintiffs to advise that the storm knocked out power and, therefore, reset my remote desktop utility that allowed me remote access to my files and things while I was traveling. I set this up specifically so that I could meet the Court's deadline. However, with my access to remote desktop down, I advised counsel that I would file yesterday morning, January 1, 2025. However, travel delays put me back in New York yesterday evening, leaving this morning the first opportunity for me to file.

Senia et al, v Donnolo, et al
January 2, 2025
Page 2

Moreover, Plaintiffs aver that they have been "chasing" Defendants for answers in the litigation. This is not accurate, particularly in that Defendants have always provided all the materials and information demanded by Plaintiffs to ensure Tecspec is "operational". That Plaintiffs' counsel self-servingly responded to say that I have not responded to any of his emails in the last two weeks comes against the backdrop that counsel <u>knew</u> I was out of office and unavailable through the end of the year. Counsel refers to a singular email sent to me my last day in office which, yet again, attempts to piecemeal requests for information which has already been provided. In our last meet and confer, with the clients present, I advised that a network map was necessary for Defendants to assist in identifying/providing information to the Plaintiffs.[1] Without a network map, Plaintiffs will continue to complain about extraneous information on items and things that, either, Plaintiffs had not yet previously requested or that Defendants have already (repeatedly) provided. A comprehensive and plenary checklist would take Plaintiffs only minutes to create and send to Defendants. Yet, to date, we have not received any such complete list despite demands to provide one. Instead, Plaintiffs continue to do this sporadic and piecemeal, presumably to create discord in their responses so Plaintiffs can continue to baselessly complain that Defendants are withholding information which Tecspec needs to be operational. Plaintiffs complaints in this regard should be unavailing.

Concerning the 36hr delay in our filing, I do apologize to the Court for this delay, as filing after the time the Court provided was inadvertent. I had made specific accommodations to ensure the ability to login and file while traveling, which was frustrated by my system going down from the storm experienced in New York on New Years Eve. I ask the Court to disregard Plaintiffs' requests entirely and to deny Plaintiffs' application in its entirety.

Respectfully submitted,

Matthew Blum

---

[1] A network map is a 'snapshot' of every system, machine, virtual machine, etc. that is connected to the Tecspec LLC network. Plaintiffs have the ability to log into their network and provide that 'snapshot', which will identify each and every item about which Plaintiffs could inquire. Defendants could then go down, item-by-item, to provide the physical whereabouts if the item is a physical object, or provide other information concerning physical and non-physical devices (e.g., virtual machines).