

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax

New Jersey
—
Delaware
—
Maryland
—
Texas
—
Florida

Jason R. Melzer
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201.525.6313
Writer's Direct Fax: 201.678.6313
Writer's E-Mail: JMelzer@coleschotz.com

February 18, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    ***Tecspec LLC, et al. v. Michael Donnolo, et al.***
              **Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Rearden:

This office represents Plaintiffs in the above-captioned matter. On February 14, 2025, Defendants attempted to subpoena non-party Christina by filing a subpoena duces tecum as to same (the "Senia Subpoena"). ECF 98. This subpoena is wholly improper, as discovery has not yet commenced in this action. Indeed, issue has not yet been wholly joined, as Third-Party Defendants have not yet responded to the Third-Party Complaint (ECF 67).[1]

It is axiomatic that discovery does not commence until after the requisite answers have been filed and issue has been fully joined, the parties hold a discovery planning conference[2], and the judge issues a scheduling order. *See McCready v. Nat'l Credit Sys., Inc.,* 2008 WL 2037463,

---

[1] The parties have agreed that Third-Party Defendants' time to respond to the Third-Party Complaint is February 26, 2025.

[2] 3(B) of your honor's rules specifically contemplate that the Court will first schedule a Federal Rule of Civil Procedure 16 conference before the parties can submit any kind of proposed discovery order. This conference has not yet been scheduled.



The Honorable Jennifer H. Rearden, U.S.D.J.
February 18, 2025
Page 2

at *1 (S.D.N.Y. May 6, 2008) ("Under the Federal Rule of Civil Procedure 26, discovery does not commence until an action is fully joined."); *Milhouse v. City of New York*, 2023 WL 185857, at *2 (S.D.N.Y. Jan. 13, 2023) (denying plaintiff's discovery motion as premature when discovery had not yet commenced in the action, stating that "if plaintiff believes that information genuinely relevant to the parties claims or defenses is in the hands of a non-party, it will be plaintiff's obligation, **once discovery commences**, to serve a subpoena on that non-party in accordance with Fed. R. Civ. P. 45.") (emphasis added); *see also* [Discovery Guide to the Southern District of New York](). None of these things have occurred, and discovery has thus not commenced in this action. As such, on February 14, 2025, we wrote to Defendants' counsel and demanded that they confirm that they will not be serving this subpoena until discovery has begun in this action. A true and correct copy of our February 14, 2025 correspondence is attached hereto as Exhibit A. We did not receive a response. On February 18, 2025, we followed up with Defendants' counsel regarding same. A true and correct copy of our February 18, 2025 correspondence is attached hereto as Exhibit B. As of the time of filing this letter, we have not received a response from Defendants' counsel.

      Plaintiffs thus have no option but to seek court intervention in this matter. Plaintiffs respectfully request that this Court: (i) order Defendants' counsel to withdraw the Senia Subpoena, with leave to re-file once discovery has commenced in this action; and (ii) schedule a Federal Rule of Civil Procedure 16 conference at the Court's convenience.

      As always, we thank the Court for its time and attention to this matter.



The Honorable Jennifer H. Rearden, U.S.D.J.
February 18, 2025
Page 3

                                                Respectfully submitted,

                                                /s/ Jason R. Melzer
                                                Jason R. Melzer

JRM: ahw

cc:    Matthew S. Blum, Esquire (Via ECF)
        Jay H. Min, Esquire (Via ECF)