UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECSPEC LLC et al., | |
| Plaintiffs, | 24 Civ. 8077 (JHR) |
| -v.- | ORDER |
| MICHAEL DONNOLO et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

On October 24, 2024, Plaintiffs filed the Complaint in this trade secrets and breach of

contract action.  ECF No. 1.  On December 16, 2024, Defendants filed an Answer.  ECF No. 58.

On January 6, 2025, Defendants filed a pleading, styled as a "Third-Party Complaint," naming as

"Third-Party Defendants" all Plaintiffs in this action along with HVAC Service Associates Inc.,

SRS Enterprises Inc., SRS Enterprises NJ LLC, and SRS Research LLC.  ECF No. 65.  They

refiled the Third-Party Complaint on January 8, 2025 to address a filing error.  ECF No. 67.  On

February 25, 2025, Defendants filed a proposed order that Third-Party Defendants show cause

why a preliminary injunction and order appointing a receiver should not be entered.  ECF No.

102.

A defending party, as a "third-party plaintiff must, by motion, obtain the court's leave if

it files the third-party complaint more than 14 days after serving its original answer."  Fed. R.

Civ. P. 14(a)(1).  The Third-Party Complaint was filed, without leave of the Court, twenty-one

days after Defendants served their original answer.  "Because [Defendants] filed the Third-Party

Complaint without first obtaining the Court's leave, the proper remedy is to strike [Defendants']

unauthorized pleading."  *Red Rock Sourcing, LLC v. JGX, LLC*, No. 21 Civ. 1054 (JPC), 2025

WL 524024, at *11 n.9 (S.D.N.Y. Feb. 18, 2025).  Accordingly, the Court strikes the Third-Party

Complaint from the docket.  Any motion for leave to file a renewed third-party complaint should

set forth, *inter alia*, "(1) the relation of the proposed third-party claims to the existing claims in the case; (ii) the relation of the proposed third-party defendants to the existing parties in the case; [and] (iii) the likely impact of the third-party complaint on the discovery required in this case." *Unicorn Crowdfunding, Inc. v New Street Enterprise, Inc.*, No. 18 Civ. 10110 (PAE), ECF No. 51 at 2 (S.D.N.Y. Oct. 21, 2019); *see* Fed. R. Civ. P. 14(a)(1) (permitting a defending party to serve a "summons and complaint on a *nonparty* who is or may be liable to it for all or part of the *claim against it*." (emphasis added)).

In view of the foregoing, Defendants' proposed order to show cause, ECF No. 102, is also DENIED as moot.

The Clerk of Court is directed to strike ECF No. 67 from the docket.

SO ORDERED.

Dated: February 27, 2025
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge