# MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, ABC CORPORATIONS 1-10,<br><br>　　　　　　　　　Defendants. | Case No. 1:24-cv-08077-JHR |

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, together with exhibits thereto, and all prior pleadings and proceedings herein, Defendants, by the undersigned counsel, will move this Court, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 15A, on April 3, 2025, at a time to be determined by this Court, for an order pursuant to Federal Rules of Civil Procedure 14, for leave to file Defendants' Third Party Complaint annexed hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to S.D.N.Y. L. Civ. R. 6.1(b), Plaintiff's opposition, if any, is due on or before March 26, 2025, and Defendants' reply, if any, is due on or before April 2, 2025.

　　　　　　　　　　　　　　　　　　**ROSENBERG & ESTIS, P.C.**

　　　　　　　　　　　　　　　　　　Matthew S Blum
　　　　　　　　　　　　　　　　　　733 Third Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10017

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants Michael Donnolo, Joshua Donnolo, John Michael Long, Braya Concepts LLC, Braya Machine Company LLC, Braya Systems LLC, and Braya Ventures LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2025

"[A] third-party claim is not permissible simply because it arises out of the same nucleus of facts as the main claim." *Tatintsian v. Vorotyntsev*, No. 16 Civ. 7203 (GHW), 2018 WL 3130599, at *5 (S.D.N.Y. June 25, 2018). "To sustain an impleader action, the third-party defendant 'must be liable secondarily to the original defendant, or the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant." *Id.* (quoting *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437 (2d Cir. 2000)) (cleaned up). Thus, the impleader action must be "dependent on or derivative of the outcome of" Plaintiffs' claims against Defendants. *Bank of India*, 239 F.3d at 437.

Defendants' application for leave to file a third-party complaint is therefore DENIED. Defendant may not bring a third-party complaint against Plaintiffs because Plaintiffs are already a party in this action. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a *nonparty* who is or may be liable to it for all or part of the claim against it" (emphasis added)). Moreover, Defendants "do[] not explain how [Plaintiffs or SRS Enterprises NJ LLC, HVAC Service Associates Inc., SRS Research LLC, and SRS Enterprises Inc. (the "Nonparties")] would be liable to [Defendants] if [Defendants] w[ere] found to have" breached the Tecspec LLC operating agreement, misappropriated Tecspec LLC trade secrets, or committed any other violations alleged in Plaintiffs' complaint. *Now-Casting Econ., Ltd. v. Econ. Alchemy LLC*, No. 23-947, 2024 WL 2720235, at *3 (2d Cir. May 28, 2024); *cf. In re Mission Const. Litig.*, No. 10 Civ. 4262 LTS HBP, 2013 WL 4710377, at *9 (S.D.N.Y. Aug. 30, 2013) ("[T]he traditional grounds for a third-party action are indemnification, contribution, or subrogation."). In short, Defendants' third-party claims for misappropriation of trade secrets, civil RICO violations, breach of contract, battery, misappropriation of opportunities, tortious interference, breach of good faith and fair dealing, trespass, failure to pay wages, and breach of fiduciary duty are "separate or independent from the main action," and, accordingly, must be "denied." *State Nat'l Ins. Co. v. Certain Interested Underwriters at Lloyd's London*, No. 22 Civ. 2686 (LJL), 2022 WL 4547444, at *2 (S.D.N.Y. Sept. 29, 2022) (dismissing third-party complaint because the defendant / third-party plaintiff "w[ould] still be able to prosecute (and could prevail on) their claim against [the third-party defendant]" if it "prevail[ed] in" proving that it was not liable to the plaintiff); *see also Tatintsian*, 2018 WL 3130599, at *5 (dismissing third-party complaint because third-party defendants would be "liable" for the third-party claims "irrespective of [the defendant's] liability to [the plaintiff]").

Defendants may, however, amend their answer to assert counterclaims against Plaintiffs and Nonparties. *See* Fed. R. Civ. P. 13 ("A pleading must state as a counterclaim any [compulsory] claim that . . . the pleader has against an opposing party . . .," and it "may state as a counterclaim against an opposing party any claim that is not compulsory")); *see also* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim"); Fed. R. Civ. P. 20 (permitting joinder of defendants where "any right to relief is asserted against [all defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action"). An amendment would not "unduly prejudice" the parties or "delay the resolution of this case." *Lickteig v. Cerberus Cap. Mgmt., L.P.*, No. 19 Civ. 5263 (GHW), 2020 WL 7629876, at *5 (S.D.N.Y. Dec. 22, 2020) (granting leave to amend). Indeed, Plaintiffs had notice of these claims within twenty-one days of the date that Defendants filed their answer. *Cf.* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it"). Any such amendment should be filed by **March 31, 2025**.

In view of the foregoing, Plaintiffs' motion for an extension of time to respond to Defendants' motion for leave to file a third-party complaint is DENIED as moot.

The Clerk of Court is directed to terminate ECF Nos. 106 and 107.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Date: March 24, 2025