UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>                      Plaintiffs,<br><br>                - against -<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, ABC CORPORATIONS 1-10,<br><br>                      Defendants. | Case No. 1:24-cv-08077-JHR<br><br>**DECLARATION OF MICHAEL DONNOLO**<br><br>**(SENSITIVE BUSINESS INFORMATION)** |

      <u>Michael Donnolo</u>, states the following as true and accurate, under penalty of perjury:

      1.      I submit this declaration in support of Defendants' Order to Show Cause as a sealed declaration containing sensitive materials.

      2.      Several weeks ago, Braya was approached by agents for a particular potential client ("Potential Client"[1]), with an order that sought to purchase in excess of $1 million in HVAC induction units.

      3.      I had several meetings with Potential Client, including a presentation of the Braya unit. I also know that Potential Client has been in touch with Plaintiffs and Tecspec, which resulted in a review of the products manufactured by Tecspec.

      4.      After meeting with, both, Braya and Tecspec, Potential Client followed back up with me to inquire about the potential exposure of Potential Client in conducting business with Braya.

      5.      Potential Client was advised by Plaintiffs that, (i) if Potential Client attempts to do business with Braya, Plaintiffs could sue Potential Client for using Tecspec products without

---

[1] I withhold the name of the Potential Client due to the sensitive nature of the prospective business relationship, revealing which in a public filing would compromise that relationship, result in the exclusion of consideration of the Potential Client project, and cause injury to Braya. The name of the Potential Client is known to all parties, which I can disclose to the Court in camera or under seal at the Court's request.

Tecspec's authorization (Plaintiffs baselessly claiming that Braya's products are actually Tecspec's products) , (ii) that Braya was subject to a restraining order or injunction and that Braya consequently would be incapable of fulfilling orders, (iii) that the motion pending before the Court would shutter Braya's doors, putting Braya out of business which would prevent Braya from fulfilling any orders for Potential Client, (iv) that Braya stole the Braya design from Tecspec, which will result in Braya losing the litigation with the result of Braya going out of business.

6. All of the foregoing allegations are patently false, there being no evidence whatsoever to support any such allegations. Yet, the foregoing statements were relayed to me by Potential Client's engineer and procurement agents, expressed to me with concerns over whether Braya should be considered for the Potential Client project.

7. Potential Client's counsel and my counsel conferred, at which time Potential Client advised that a restraining order or other order that confirms Braya has the ability to perform under any contracts it seeks with Potential Client would provide Potential Client with comfort if it were to consider Braya for the project.

8. We believe Braya will get the project if it can provide comfort that Plaintiffs will not somehow interfere with Braya's ability to carry out its tasks under any project order, which could be completed by June of this year.

9. Publishing this on the public docket would reveal certain confidential and sensitive project details that would cause Potential Client to decline to consider Braya a viable business prospect, eliminating a highly lucrative and much needed business client for Braya at a time where Braya is just getting off the ground.

10. If Plaintiffs are permitted to continue to defame Braya and sabotage Braya's customer prospects upon false statements and intimidation, Plaintiffs will effectively destroy Braya's business.

11. This contract with Potential Client would be a make-or-break moment for Braya, where failure to secure the Potential Client project could result in the failure of Braya where, conversely, performing under the Potential Client project would put Braya on the proverbial map.

12. The foregoing is a unique opportunity, where Braya must be permitted to provide Potential Client comfort such that Potential Client would consider Braya as a manufacturer for HVAC units.

13. Moreover, my counsel attempted to arrange a settlement with respect to Potential Client, proposing to complete the project and thereafter to escrow the profits so the parties could, at least, a pot of money over which to fight. Rather, Plaintiffs hope to derail Braya in a manner of cutting their nose to spite their face; e.g., if Braya holds profits in escrow and Tecspec actually wins the instant litigation (they will not, as their claims are meritless), the escrowed profits would be turned over to Tecspec upon such a finding or ruling. However, instead of proposing some resolution to the matter at issue, Plaintiffs refused to even speak to my counsel.

14. Ironically, Plaintiffs allege that Tecspec has already done business with Potential Client. They have not, and an inspection of business records proves that Tecspec and Potential Client have never done business.

15. To reiterate, Tecspec and Potential Client have never done business.

16. Notwithstanding, the foregoing is expected to form the basis to claim that the Court should not permit Braya to compete with Tecspec on a Potential Client contract, or that Braya operations should somehow be enjoined. However, as there is no evidence of the record or otherwise that Braya products were stolen from Tecspec, that Braya's trade secrets are in any way related to Tecspec's trade secrets, or that Braya and/or Michael Donnolo are somehow violating a non-compete restriction that does not apply to manufacturers located in Richmond County (Braya's location), and more.

17. In short, Braya should be permitted to proceed with submitting a proposal to Potential Client without interference from Tecspec. And if Braya receives the winning bid on the project, Braya should be entitled to protect its contract by being able to perform thereunder without interference by Plaintiff.

## **DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
MICHAEL DONNOLO

Dated: April 2, 2025