

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew Blum
+1 (212) 551-8459
mblum@rosenbergestis.com

April 29, 2025

**VIA ECF**
The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Claimants Tecspec LLC, et al. v. Defendants Michael Donnolo, et al.*
                *Counterclaimants Braya Systems LLC, et al, v Robert Senia, et al*
                **Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Rearden:

      This office represents Defendants/Counterclaim Plaintiffs ("CC-Plaintiffs") in the above-referenced matter. We unfortunately write in response to Plaintiffs'/Counterclaim Defendants' ("CC-Defendants") silly/petty letter seeking to compel Defendants to provide them with a copy of the transcript of the proceeding held before Your Honor on April 17, 2025 [ECF No. 130, "Letter"], where CC-Defendants could have just as easily ordered the transcript from the Court Reporter to avoid wasting judicial resources.

      That said, I believe the purpose of their Letter was not to resolve some dispute (which they could have remedied themselves by ordering a transcript), the goal of the Letter was to seize further sharp litigation practice opportunities to disparage the CC-Plaintiffs as 'bad actors,' even something so ridiculous as a transcript that the CC-Defendants could have easily purchased themselves. This has been a theme from case inception, with CC-Defendants making wildly false claims that Defendants were in somehow in possession of documents or information that prevented Tecspec LLC from becoming operational (at no time was that ever a true statement but, instead, an unprovable allegation designed to malign the Defendants).

      In short, the Court's minute order, dated April 23, 2025, directs CC-Plaintiffs to order the transcript of proceedings on April 17, 2025, which Your Honor's Minute Order further directs, at ECF No. 126, that specific redaction requests be made on or before May 13, 2025, giving 10 days – between May 13 and May 23, 2025 – to object to or rule on redaction requests. In compliance with the Court's directions, CC-Plaintiffs indeed ordered the transcript (on an expedited basis, at CC-Plaintiffs' expense) to comply with the Court's direction at ECF No. 126.

      Notwithstanding the fact that CC-Defendants' could have done the same (e.g., ordered the transcript), the CC-Defendants demanded the transcript that CC-Plaintiffs purchased. In response, I inquired whether there was some rule, or court direction, requiring my office to circulate the transcript. Because, if so, I would be more than happy to oblige. But in the absence of such a direction from the Court, I responded "…just order the transcript". *See* Exhibit A. Rather than respond, CC-Defendants filed their wasteful request to this Court, seeking judicial intervention to waste Court time and resources to require CC-Plaintiffs to turn over a transcript that CC-Defendants could have simply ordered themselves.

RE\24801\0001\5956494v1

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

April 29, 2025
Page 2

    To avoid the Court having to waste the time or energy in dealing with this absurdist request of CC-Defendants, together with the filing of this letter response, my office has emailed a copy of the transcript to Plaintiffs' counsel, rendering their request moot.

    I apologize for having to file this letter and for Plaintiffs having wasted the Court's time in this regard.

                            Respectfully Submitted,

                            Matthew Blum

    The letter motion at Dkt. 130 is denied as moot, but is not without merit. Defendants should have provided Plaintiffs with a copy of the hearing transcript from the outset. When Judge Rearden wanted the parties to split the costs of ordering a transcript, she said so. *See* Minute Entries at 12/10/2024 and 1/13/2025. In contrast, other entries directed only one of the parties to order the transcript and did not direct them to share the cost. *See* Minute Entries at 11/04/2024 (directing Plaintiffs to order the transcript) and 04/17/2024 (directing Counterclaim Plaintiffs (i.e., Defendants) to order the transcript). Inasmuch as the Court Reporter prescribes a 7-day window within which the parties may request redactions, it would be inequitable for the party who ordered the transcript at the direction of the Court to not provide it to the other party.

    The Clerk of Court is directed to terminate the letter motion at Dkt. 130.

SO ORDERED:

04/30/25

_____
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

RE\24801\0001\5956494v1