UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>      Plaintiffs,<br><br> -against-<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC,<br><br>      Defendants. |
| BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, JOHN MICHAEL LONG, JOSHUA DONNOLO, and MICHAEL DONNOLO, individually and derivatively on behalf of Tecspec LLC,<br><br>      Counterclaim-Plaintiffs,<br><br> -against-<br><br>RALPH SCHLENKER, ROBERT SENIA, RICHARD ROSE, SRS ENTERPRISES INC., SRS ENTERPRISES NJ LLC, HVAC SERVICE ASSOCIATES INC., and SRS RESEARCH LLC,<br><br>      Counterclaim-Defendants.<br><br> -against-<br><br>TECSPEC LLC<br><br>      Nominal Counterclaim-Defendant |

**CASE NO.** 1:24-cv-08077-JHR

**DECLARATION OF JASON R. MELZER IN SUPPORT OF
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS
COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS AND
IN OPPOSITION TO COUNTERCLAIM PLAINTIFFS' APPLICATION
FOR A PRELIMINARY INJUNCTION AND TO INSTALL A RECEIVER**

I, JASON R. MELZER, hereby declare under penalty of perjury, that the following statements are true and correct to the best of my knowledge:

1. I am an attorney-at-law admitted to practice in the State of New York, and a member of Cole Schotz, P.C., counsel for Plaintiffs/Counterclaim Defendants.[1]

2. I submit this declaration in support of Counterclaim Defendants' Motion to Dismiss Counterclaim Plaintiffs' Counterclaims and in Opposition to Counterclaim Plaintiffs' Application for a Preliminary Injunction and to Install a Receiver Over Tecspec.

3. The Individual CC Plaintiffs initially raised the issue of their non-payment of wages during settlement conferences with Judge Lehrburger.

4. The Individual CC Defendants agreed to pay Michael Donnolo, Joshua Donnolo, and John Michael Long, their outstanding wages, and indeed on or before January 22, 2025, paid all outstanding wages outside of $1,289.78 that was owed to Joshua Donnolo.

5. This was confirmed by the Individual CC Plaintiffs' counsel's January 22, 2025 correspondence, where he stated as follows:

> Jason, prepping for tomorrow, I'm told that Josh has still not been paid in full. Please have your client wire $1,289.78 to Josh before end of day today, before we meet tomorrow.

A true and correct copy of Individual CC Plaintiffs' counsel's January 22, 2025 correspondence is attached hereto as Exhibit A.

---

[1] Unless otherwise stated, all capitalized terms have the same meaning as they do in the accompanying Memorandum of Law, dated May 8, 2025.

3

6.	On January 22, 2025, CC Defendants paid Joshua Donnolo the remainder of the wages owed to him. A true and correct copy of the January 22, 2025 wire confirmation is attached hereto as Exhibit B.

7.	Michael Donnolo, Joshua Donnolo, and John Michael Long all appeared on the January 23, 2025 videoconference.

8.	As such, and as implicitly confirmed by CC Plaintiffs' counsel's office, all wages due and owing to the Individual CC Plaintiffs were furnished by January 22, 2025.

9.	Indeed, CC Plaintiffs represented that all wages were paid during the January 23, 2025 videoconference.

10.	A true and correct copy of the Counterclaims is attached hereto as Exhibit C.

11.	I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 8, 2025	/s/Jason R. Melzer  
New York, New York	JASON R. MELZER