# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>       Plaintiffs,<br><br>- against -<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, ABC CORPORATIONS 1-10,<br><br>       Defendants. | Case No. 1:24-cv-08077-JHR<br><br>**DECLARATION OF MATTHEW S. BLUM, ESQ.** |
| BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, JOHN MICHAEL LONG, JOSHUA DONNOLO, and MICHAEL DONNOLO, individually and derivatively on behalf of Tecspec LLC,<br><br>       Counterclaim Plaintiffs,<br>   v.<br><br>RALPH SCHLENKER, ROBERT SENIA, RICHARD ROSE, SRS ENTERPRISES INC., SRS ENTERPRISES NJ LLC, HVAC SERVICE ASSOCIATES, and SRS RESEARCH LLC,<br><br>       Counterclaim Defendants.<br><br>      -against-<br><br> TECSPEC LLC<br><br>       Counterclaim Defendant | |

**MATTHEW S. BLUM,** an attorney duly authorized to practice law in the State of New York, states the following as true and accurate, under penalty of perjury:

1. I am a Partner with Rosenberg & Estis, P.C., attorneys for Defendants/Counterclaim Plaintiffs.

2. I submit this declaration in support of Defendants/Counterclaim Plaintiffs' Order to Show Cause seeking an Order temporarily and preliminarily enjoining and restraining Plaintiffs/Counterclaim Defendants Richard Rose, Robert Senia, Ralph Schlenker, SRS Enterprises Inc., SRS Enterprises, NJ LLC, HVAC Service Associates and SRS Research LLC, and any person or entity acting in concert with them, representing them, or under their supervision, from: (a) contacting, harassing, threatening, and/or communicating with, in any way, any and all current customers of Braya Concepts LLC, Braya Machine Company LLC, Braya Systems LLC and Braya Ventures LLC (singular ("Braya Entity," plural, "Braya Entities"); (b) communicating about the Braya Entities to any potential customer of the Braya Entities; (c) disseminating defamatory and/or false statements concerning the Braya Entities and its principals John Michael Long and Joshua Donnolo, including but not limited to the false statement that any of the Braya Entities, or its principals, are subject to the Court's preliminary injunction (ECF No. 147) as a falsely-posited basis for why the Braya Entities cannot conduct business, enter into new business contracts irrespective of the county or location, or fulfill all existing contracts with Braya customers; (d) interfering, impeding, preventing or disrupting the Braya Entities from performing on any existing contract, including the Counterclaim Defendants' use of threats of lawsuits against Braya Entity customers, suing Braya Entity customers, intimidation, harassment, or dissemination of false statements, specifically concerning the Client-Company (as defined in the Declaration of John Michael Long, dated June 17, 2025); and (e) interfering, impeding, preventing or disrupting

the Braya Entities' development of potential customers through tortious interference or other means, which includes by means of harassment, threats, intimidation, and/or communicating false statements to potential customers that any of the Braya Entities or its principals are subject to the Court's preliminary injunction (ECF No. 147) as a basis for falsely stating that the Braya Entities cannot legally conduct business, enter into new contracts, or perform on existing contracts, irrespective of the county in which such business or potential business may be conducted.

3. All of the facts contained in this Declaration are based upon my personal knowledge.

4. On June 17, 2025, I received a copy of a correspondence sent by Plaintiffs/Counterclaim Defendants to a client-company of the Braya Entities[1] (the "Client-Company"). A true and accurate copy of the correspondence, with the name and identifying information of the Client-Company redacted, is attached hereto as **Exhibit A**.

5. I subsequently spoke to the Client-Company's counsel, who indicated that they viewed the correspondence as extremely concerning.

6. We subsequently learned that Plaintiffs/Counterclaim Defendants' counsel sent similar correspondence to additional Braya Entity customers.

7. Accordingly, we did not notify Plaintiffs/Counterclaim Defendants of our intent to file the instant Order to Show Cause, because doing so would accelerate their campaign to disrupt as many customer relationships as possible with the hopes that the damage they do cannot be undone.

8. As discussed in detail in the accompanying Long Declaration and Memorandum of Law, Plaintiffs/Counterclaim Defendants' threats are entirely baseless and are designed solely to

---

[1] Capitalized terms not defined herein are ascribed their meaning in the accompanying Declaration of John Michael Long ("Long Dec.")

prevent the Braya Entities from conducting business that this Court has expressly stated it is authorized to conduct.

9. On April 17, 2025, the parties appeared before this Court on Defendants/Counterclaim Plaintiffs' prior motion for a temporary injunction to restrain Plaintiffs/Counterclaim Defendants from improperly interfering with the Braya Entities' business. A copy of the transcript from that appearance is attached hereto as **Exhibit B**.

**[Remainder of page intentionally left blank]**

RE\24801\0001\6012218v1

5

## **DECLARATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
MATTHEW S. BLUM

Dated: June 20, 2025