# AMENDED AND RESTATED OPERATING AGREEMENT
# OF
# BRAYA SYSTEMS LLC

This Amended and Restated Operating Agreement (this "Agreement") of **BRAYA SYSTEMS LLC** (the "Company") is entered into as of the 6th day of June, 2025 by **JOHN MICHAEL LONG** and **JOSHUA DONNOLO**, each an individual (the "Members").

Pursuant to and in accordance with the Limited Liability Company Law of the State of New York, as amended from time to time (the "LLCL"), the Members hereby state as follows:

1. **Name**. The name of the Company shall be **BRAYA SYSTEMS LLC**.

2. **Office**. The principal office of the Company shall be located in, and all correspondence for the Company shall be sent to 2589 Richmond Terrace, Staten Island, New York 10303, or such other place or places as the Members shall determine.

3. **Term**. The term of the Company commenced as of the date of filing of the Articles of Organization (the "Articles") of the Company with the Department of State of the State of New York on May 9, 2023, and the Company shall be dissolved and its affairs wound up on unanimous consent of all Members.

4. **Purpose**. The Company is organized to engage in any lawful act or activity for which limited liability companies may be formed under the LLCL and it may engage in any and all activities necessary or incidental to the foregoing.

5. **Members**. The name and the mailing address of each Member is as follows:

| Name | Address |
|---|---|
| John Michael Long | 52 Kenmare Street, Apartment 1<br>New York, New York 10012 |
| Joshua Donnolo | 321 W 24th Street, Apartment 6H<br>New York, New York 10011 |

6. **Membership Interests**. The Members shall initially have the percentage interests in and to the Company (hereinafter individually referred to as a "Membership Interest" and collectively as the "Membership Interests") as follows:

| Member | Membership Interest |
|---|---|
| John Michael Long | 49% |
| Joshua Donnolo | 51% |

7. **Management; Powers**. The business and affairs of the Company shall be managed by the unanimous consent of the Members. The Members shall have the exclusive right, in the name of the Company, to make all decisions concerning the business of the Company and to do all such acts as may be advisable or appropriate, in the judgment of the Members, to carry on the activities of the Company and to further the purpose of the Company. Notwithstanding any other provision of this Agreement, the Members are authorized to execute and deliver any document on behalf of the Company without any vote or consent of any other person.

8. **Capital Contributions**. A capital account shall be maintained for each Member on the books of the Company, which account shall set forth the capital of the Member in the Company. Such capital account shall be adjusted to reflect the Member's Membership Interests and any additional capital contributions to the Company or withdrawals of capital from the Company.

9. **Additional Contributions**. The Members shall make such additional capital contributions to the Company at such times and in such amounts as the Members by a unanimous vote shall determine.

10. **Profits and Losses**. The Members will share the net profits and losses of the LLC in accordance with their percentage interest set forth in Paragraph 6. The Members' profit allocation will be accounted for in accordance with their percentage interest set forth in Paragraph 6. Profit allocations shall be distributed to the Members once per year. The members are allowed to withdraw from their profit allocation at any time. If funds are available, all Members will receive enough funds from the Company to cover their income taxes for the total profit allocation by the Company.

11. **Assignments**. The Members may not assign or transfer in whole or in part their respective interests in the Company, without the permission of the other Members.

12. **Withdrawal of a Member; Termination of the Company**. The Members shall be permitted to withdraw from the Company at any time. Should a Member withdraw from the Company because of choice or death, or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, the remaining Members will have the option to buy out the remaining shares of the Company. Should the Members agree to buy out the shares, the shares will be bought in equal amounts by all Members. The Members agree to hire an outside firm to assess the value of the remaining shares. The Members will have 60 days to decide if they want to buy the remaining shares together and disperse them equally. If all Members do not agree to buy the shares, Members will then have the right to buy the shares individually. If more than one Member requests to buy the remaining shares, the shares will be split equally among those Members wishing to purchase the shares. If all Members agree by unanimous vote, the Company may choose to allow a non-Member to buy the shares thereby replacing the previous Member.

13. **Admission of Additional Members**. The Members, by a unanimous vote of the Members, may cause the Company to admit one (1) or more additional members to the Company or create different classes of members.

14. **Liability of Members**. The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL.

15. **Exculpation of Members**. The Members shall not be liable to the Company for any breach of duty in such capacity, unless otherwise provided by law. The Company will indemnify the Members for all costs, losses, liabilities and damages paid or accrued by the Member in connection with the Company's business, to the fullest extent provided or allowed by the laws of New York.

16. **Mediation**. All Members agree to enter into mediation before filing suit against any other Member or the Company for any dispute arising from this Agreement or Company. Members agree to attend one session of mediation before filing suit. If any Member does not attend mediation, or the dispute is not settled after one session of mediation, the Members are free to file suit. Any lawsuits will be under the jurisdiction of the state of New York.

17. **Other Business**. The Members may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. The Company shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

18. **Not a Joint Venture**. The Members intend that the Company not be a partnership (including, without limitation, a limited partnership) or joint venture, and that no Member be a partner or joint venturer of any other Member, for any purposes other than federal and state tax purposes, and this Agreement may not be construed to suggest otherwise.

19. **Incapacitation of a Member**. If a Member who is an individual dies or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, and the remaining Members decline to exercise their option to buy out the remaining shares of the Company as set forth in Paragraph 12, the Member's personal representative, administrator, guardian, conservator, trustee or other legal representative shall have all of the rights of an assignee of the Member's interest. If a Member is a corporation, trust, partnership, limited liability company or other entity and is dissolved or terminated, the powers of that Member may be exercised by its legal representative or successor.

20. **Dissolution**. Upon dissolution of the Company, the Members shall liquidate the Company's assets and shall do so as promptly as is consistent with obtaining fair value for them, and shall apply and distribute the assets of the Company as follows:

a) First, to the payment and discharge of all of the Company's debts and liabilities to creditors of the Company other than the Members;

b) Second, to the payment and discharge of all of the Company's debt and liabilities to creditors of the Company that are Members;

c) Third, to the Members in accordance with their capital accounts, after giving effect to all contributions, distributions and allocation for all periods.

21. **Notices**. Unless otherwise specified in this Agreement, all notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder (hereinafter referred to collectively as "Notices") shall be in writing and shall be given by mailing the same by prepaid Federal Express or other reputable overnight courier (for priority overnight delivery) to the appropriate Member at the address set forth in this Agreement. Notices given in compliance with the provisions of this Section shall be deemed given and/or received, as applicable, one (1) business day after deposit as aforesaid with Federal Express or other reputable overnight courier.

22. **Governing Law**. This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

23. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which together constitute one and the same instrument.

24. **Amendments**. Any amendment to this Agreement must be in writing and, subject to the provisions of Section 417(b) of the LLCL, must be approved in writing by all of the then current Members.

25. **Entire Agreement**. This Agreement sets forth the entire agreement and understanding in respect of the subject matter hereof and supersedes all prior and contemporaneous agreements, arrangements, and understandings, express or implied, oral or written, relating to the subject matter hereof.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, have duly executed this Amended and Restated Operating Agreement.

*[Signatures on Following Page]*

MEMBERS:

_____
JOHN MICHAEL LONG, an individual

_____
JOSHUA DONNOLO, an individual

# AMENDED AND RESTATED OPERATING AGREEMENT
# OF
# BRAYA CONCEPTS LLC

This Amended and Restated Operating Agreement (this "Agreement") of **BRAYA CONCEPTS LLC** (the "Company") is entered into as of the 6th day of June, 2025 by **JOHN MICHAEL LONG** and **JOSHUA DONNOLO**, each an individual (the "Members").

Pursuant to and in accordance with the Limited Liability Company Law of the State of New York, as amended from time to time (the "LLCL"), the Members hereby state as follows:

1.  **Name**. The name of the Company shall be **BRAYA CONCEPTS LLC**.

2.  **Office**. The principal office of the Company shall be located in, and all correspondence for the Company shall be sent to 2589 Richmond Terrace, Staten Island, New York 10303, or such other place or places as the Members shall determine.

3.  **Term**. The term of the Company commenced as of the date of filing of the Articles of Organization (the "Articles") of the Company with the Department of State of the State of New York on May 9, 2023, and the Company shall be dissolved and its affairs wound up on a unanimous vote of all Members.

4.  **Purpose**. The Company is organized to engage in any lawful act or activity for which limited liability companies may be formed under the LLCL and it may engage in any and all activities necessary or incidental to the foregoing.

5.  **Members**. The name and the mailing address of each Member is as follows:

| Name | Address |
|---|---|
| John Michael Long | 52 Kenmare Street, Apartment 1<br>New York, New York 10012 |
| Joshua Donnolo | 321 W 24th Street, Apartment 6H<br>New York, New York 10011 |

6.  **Membership Interests**. The Members shall initially have the percentage interests in and to the Company (hereinafter individually referred to as a "Membership Interest" and collectively as the "Membership Interests") as follows:

| Member | Membership Interest |
|---|---|
| John Michael Long | 49% |
| Joshua Donnolo | 51% |

7. **Management; Powers**. The business and affairs of the Company shall be managed by the unanimous consent of the Members. The Members shall have the exclusive right, in the name of the Company, to make all decisions concerning the business of the Company and to do all such acts as may be advisable or appropriate, in the judgment of the Members, to carry on the activities of the Company and to further the purpose of the Company. Notwithstanding any other provision of this Agreement, the Members are authorized to execute and deliver any document on behalf of the Company without any vote or consent of any other person.

8. **Capital Contributions**. A capital account shall be maintained for each Member on the books of the Company, which account shall set forth the capital of the Member in the Company. Such capital account shall be adjusted to reflect the Member's Membership Interests and any additional capital contributions to the Company or withdrawals of capital from the Company.

9. **Additional Contributions**. The Members shall make such additional capital contributions to the Company at such times and in such amounts as the Members by a unanimous vote shall determine.

10. **Profits and Losses**. The Members will share the net profits and losses of the LLC in accordance with their percentage interest set forth in Paragraph 6. The Members' profit allocation will be accounted for in accordance with their percentage interest set forth in Paragraph 6. Profit allocations shall be distributed to the Members once per year. The members are allowed to withdraw from their profit allocation at any time. If funds are available, all Members will receive enough funds from the Company to cover their income taxes for the total profit allocation by the Company.

11. **Assignments**. The Members may not assign or transfer in whole or in part their respective interests in the Company, without the permission of the other Members.

12. **Withdrawal of a Member; Termination of the Company**. The Members shall be permitted to withdraw from the Company at any time. Should a Member withdraw from the Company because of choice or death, or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, the remaining Members will have the option to buy out the remaining shares of the Company. Should the Members agree to buy out the shares, the shares will be bought in equal amounts by all Members. The Members agree to hire an outside firm to assess the value of the remaining shares. The Members will have 60 days to decide if they want to buy the remaining shares together and disperse them equally. If all Members do not agree to buy the shares, Members will then have the right to buy the shares individually. If more than one Member requests to buy the remaining shares, the shares will be split equally among those Members wishing to purchase the shares. If all Members agree by unanimous vote, the Company may choose to allow a non-Member to buy the shares thereby replacing the previous Member.

13. **Admission of Additional Members**. The Members, by a unanimous vote of the Members, may cause the Company to admit one (1) or more additional members to the Company or create different classes of members.

14. **Liability of Members**. The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL.

15. **Exculpation of Members**. The Members shall not be liable to the Company for any breach of duty in such capacity, unless otherwise provided by law. The Company will indemnify the Members for all costs, losses, liabilities and damages paid or accrued by the Member in connection with the Company's business, to the fullest extent provided or allowed by the laws of New York.

16. **Mediation**. All Members agree to enter into mediation before filing suit against any other Member or the Company for any dispute arising from this Agreement or Company. Members agree to attend one session of mediation before filing suit. If any Member does not attend mediation, or the dispute is not settled after one session of mediation, the Members are free to file suit. Any lawsuits will be under the jurisdiction of the state of New York.

17. **Other Business**. The Members may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. The Company shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

18. **Not a Joint Venture**. The Members intend that the Company not be a partnership (including, without limitation, a limited partnership) or joint venture, and that no Member be a partner or joint venturer of any other Member, for any purposes other than federal and state tax purposes, and this Agreement may not be construed to suggest otherwise.

19. **Incapacitation of a Member**. If a Member who is an individual dies or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, and the remaining Members decline to exercise their option to buy out the remaining shares of the Company as set forth in Paragraph 12, the Member's personal representative, administrator, guardian, conservator, trustee or other legal representative shall have all of the rights of an assignee of the Member's interest. If a Member is a corporation, trust, partnership, limited liability company or other entity and is dissolved or terminated, the powers of that Member may be exercised by its legal representative or successor.

20. **Dissolution**. Upon dissolution of the Company, the Members shall liquidate the Company's assets and shall do so as promptly as is consistent with obtaining fair value for them, and shall apply and distribute the assets of the Company as follows:

a) First, to the payment and discharge of all of the Company's debts and liabilities to creditors of the Company other than the Members;

b) Second, to the payment and discharge of all of the Company's debt and liabilities to creditors of the Company that are Members;

c) Third, to the Members in accordance with their capital accounts, after giving effect to all contributions, distributions and allocation for all periods.

21. **Notices**. Unless otherwise specified in this Agreement, all notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder (hereinafter referred to collectively as "Notices") shall be in writing and shall be given by mailing the same by prepaid Federal Express or other reputable overnight courier (for priority overnight delivery) to the appropriate Member at the address set forth in this Agreement. Notices given in compliance with the provisions of this Section shall be deemed given and/or received, as applicable, one (1) business day after deposit as aforesaid with Federal Express or other reputable overnight courier.

22. **Governing Law**. This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

23. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which together constitute one and the same instrument.

24. **Amendments**. Any amendment to this Agreement must be in writing and, subject to the provisions of Section 417(b) of the LLCL, must be approved in writing by all of the then current Members.

25. **Entire Agreement**. This Agreement sets forth the entire agreement and understanding in respect of the subject matter hereof and supersedes all prior and contemporaneous agreements, arrangements, and understandings, express or implied, oral or written, relating to the subject matter hereof.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, have duly executed this Amended and Restated Operating Agreement.

*[Signatures on Following Page]*

MEMBERS:

*[signature]*
JOHN MICHAEL LONG, an individual

*[signature]*
JOSHUA DONNOLO, an individual

# AMENDED AND RESTATED OPERATING AGREEMENT
# OF
# BRAYA VENTURES LLC

This Amended and Restated Operating Agreement (this "Agreement") of **BRAYA VENTURES LLC** (the "Company") is entered into as of the 6th day of June, 2025 by **JOHN MICHAEL LONG** and **JOSHUA DONNOLO**, each an individual (the "Members").

Pursuant to and in accordance with the Limited Liability Company Law of the State of New York, as amended from time to time (the "LLCL"), the Members hereby state as follows:

1. **Name**. The name of the Company shall be **BRAYA VENTURES LLC**.

2. **Office**. The principal office of the Company shall be located in, and all correspondence for the Company shall be sent to 2589 Richmond Terrace, Staten Island, New York 10303, or such other place or places as the Members shall determine.

3. **Term**. The term of the Company commenced as of the date of filing of the Articles of Organization (the "Articles") of the Company with the Department of State of the State of New York on May 9, 2023, and the Company shall be dissolved and its affairs wound up on unanimous decision of all Members.

4. **Purpose**. The Company is organized to engage in any lawful act or activity for which limited liability companies may be formed under the LLCL and it may engage in any and all activities necessary or incidental to the foregoing.

5. **Members**. The name and the mailing address of each Member is as follows:

| Name | Address |
|---|---|
| John Michael Long | 52 Kenmare Street, Apartment 1<br>New York, New York 10012 |
| Joshua Donnolo | 321 W 24th Street, Apartment 6H<br>New York, New York 10011 |

6. **Membership Interests**. The Members shall initially have the percentage interests in and to the Company (hereinafter individually referred to as a "Membership Interest" and collectively as the "Membership Interests") as follows:

| Member | Membership Interest |
|---|---|
| John Michael Long | 49% |
| Joshua Donnolo | 51% |

7. **Management; Powers**. The business and affairs of the Company shall be managed by the unanimous consent of the Members. The Members shall have the exclusive right, in the name of the Company, to make all decisions concerning the business of the Company and to do all such acts as may be advisable or appropriate, in the judgment of the Members, to carry on the activities of the Company and to further the purpose of the Company. Notwithstanding any other provision of this Agreement, the Members are authorized to execute and deliver any document on behalf of the Company without any vote or consent of any other person.

8. **Capital Contributions**. A capital account shall be maintained for each Member on the books of the Company, which account shall set forth the capital of the Member in the Company. Such capital account shall be adjusted to reflect the Member's Membership Interests and any additional capital contributions to the Company or withdrawals of capital from the Company.

9. **Additional Contributions**. The Members shall make such additional capital contributions to the Company at such times and in such amounts as the Members by a unanimous vote shall determine.

10. **Profits and Losses**. The Members will share the net profits and losses of the LLC in accordance with their percentage interest set forth in Paragraph 6. The Members' profit allocation will be accounted for in accordance with their percentage interest set forth in Paragraph 6. Profit allocations shall be distributed to the Members once per year. The members are allowed to withdraw from their profit allocation at any time. If funds are available, all Members will receive enough funds from the Company to cover their income taxes for the total profit allocation by the Company.

11. **Assignments**. The Members may not assign or transfer in whole or in part their respective interests in the Company, without the permission of the other Members.

12. **Withdrawal of a Member; Termination of the Company**. The Members shall be permitted to withdraw from the Company at any time. Should a Member withdraw from the Company because of choice or death, or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, the remaining Members will have the option to buy out the remaining shares of the Company. Should the Members agree to buy out the shares, the shares will be bought in equal amounts by all Members. The Members agree to hire an outside firm to assess the value of the remaining shares. The Members will have 60 days to decide if they want to buy the remaining shares together and disperse them equally. If all Members do not agree to buy the shares, Members will then have the right to buy the shares individually. If more than one Member requests to buy the remaining shares, the shares will be split equally among those Members wishing to purchase the shares. If all Members agree by unanimous vote, the Company may choose to allow a non-Member to buy the shares thereby replacing the previous Member.

13. **Admission of Additional Members**. The Members, by a unanimous vote of the Members, may cause the Company to admit one (1) or more additional members to the Company or create different classes of members.

14. **Liability of Members**. The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL.

15. **Exculpation of Members**. The Members shall not be liable to the Company for any breach of duty in such capacity, unless otherwise provided by law. The Company will indemnify the Members for all costs, losses, liabilities and damages paid or accrued by the Member in connection with the Company's business, to the fullest extent provided or allowed by the laws of New York.

16. **Mediation**. All Members agree to enter into mediation before filing suit against any other Member or the Company for any dispute arising from this Agreement or Company. Members agree to attend one session of mediation before filing suit. If any Member does not attend mediation, or the dispute is not settled after one session of mediation, the Members are free to file suit. Any lawsuits will be under the jurisdiction of the state of New York.

17. **Other Business**. The Members may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. The Company shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

18. **Not a Joint Venture**. The Members intend that the Company not be a partnership (including, without limitation, a limited partnership) or joint venture, and that no Member be a partner or joint venturer of any other Member, for any purposes other than federal and state tax purposes, and this Agreement may not be construed to suggest otherwise.

19. **Incapacitation of a Member**. If a Member who is an individual dies or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, and the remaining Members decline to exercise their option to buy out the remaining shares of the Company as set forth in Paragraph 12, the Member's personal representative, administrator, guardian, conservator, trustee or other legal representative shall have all of the rights of an assignee of the Member's interest. If a Member is a corporation, trust, partnership, limited liability company or other entity and is dissolved or terminated, the powers of that Member may be exercised by its legal representative or successor.

20. **Dissolution**. Upon dissolution of the Company, the Members shall liquidate the Company's assets and shall do so as promptly as is consistent with obtaining fair value for them, and shall apply and distribute the assets of the Company as follows:

    a)    First, to the payment and discharge of all of the Company's debts and liabilities to creditors of the Company other than the Members;

    b)    Second, to the payment and discharge of all of the Company's debt and liabilities to creditors of the Company that are Members;

    c)    Third, to the Members in accordance with their capital accounts, after giving effect to all contributions, distributions and allocation for all periods.

21.    **Notices**. Unless otherwise specified in this Agreement, all notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder (hereinafter referred to collectively as "Notices") shall be in writing and shall be given by mailing the same by prepaid Federal Express or other reputable overnight courier (for priority overnight delivery) to the appropriate Member at the address set forth in this Agreement. Notices given in compliance with the provisions of this Section shall be deemed given and/or received, as applicable, one (1) business day after deposit as aforesaid with Federal Express or other reputable overnight courier.

22.    **Governing Law**. This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

23.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which together constitute one and the same instrument.

24.    **Amendments**. Any amendment to this Agreement must be in writing and, subject to the provisions of Section 417(b) of the LLCL, must be approved in writing by all of the then current Members.

25.    **Entire Agreement**. This Agreement sets forth the entire agreement and understanding in respect of the subject matter hereof and supersedes all prior and contemporaneous agreements, arrangements, and understandings, express or implied, oral or written, relating to the subject matter hereof.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, have duly executed this Amended and Restated Operating Agreement.

*[Signatures on Following Page]*

MEMBERS:

_____
JOHN MICHAEL LONG, an individual

_____
JOSHUA DONNOLO, an individual

# AMENDED AND RESTATED OPERATING AGREEMENT
## OF
## Braya Machine Company LLC

This Amended and Restated Operating Agreement (this "Agreement") of **Braya Machine Company LLC** (the "Company") is entered into as of the 6th day of June, 2025 by **JOHN MICHAEL LONG** and **JOSHUA DONNOLO**, each an individual (the "Members").

Pursuant to and in accordance with the Limited Liability Company Law of the State of New York, as amended from time to time (the "LLCL"), the Members hereby state as follows:

1. **Name**. The name of the Company shall be **Braya Machine Company LLC**

2. **Office**. The principal office of the Company shall be located in, and all correspondence for the Company shall be sent to 2589 Richmond Terrace, Staten Island, New York 10303, or such other place or places as the Members shall determine.

3. **Term**. The term of the Company commenced as of the date of filing of the Articles of Organization (the "Articles") of the Company with the Department of State of the State of New York on May 9, 2023, and the Company shall be dissolved and its affairs wound up on unanimous consent of all Members.

4. **Purpose**. The Company is organized to engage in any lawful act or activity for which limited liability companies may be formed under the LLCL and it may engage in any and all activities necessary or incidental to the foregoing.

5. **Members**. The name and the mailing address of each Member is as follows:

| Name | Address |
|---|---|
| John Michael Long | 52 Kenmare Street, Apartment 1<br>New York, New York 10012 |
| Joshua Donnolo | 321 W 24th Street, Apartment 6H<br>New York, New York 10011 |

6. **Membership Interests**. The Members shall initially have the percentage interests in and to the Company (hereinafter individually referred to as a "Membership Interest" and collectively as the "Membership Interests") as follows:

| Member | Membership Interest |
|---|---|
| John Michael Long | 49% |
| Joshua Donnolo | 51% |

7. **Management; Powers**. The business and affairs of the Company shall be managed by the unanimous consent of the Members. The Members shall have the exclusive right, in the name of the Company, to make all decisions concerning the business of the Company and to do all such acts as may be advisable or appropriate, in the judgment of the Members, to carry on the activities of the Company and to further the purpose of the Company. Notwithstanding any other provision of this Agreement, the Members are authorized to execute and deliver any document on behalf of the Company without any vote or consent of any other person.

8. **Capital Contributions**. A capital account shall be maintained for each Member on the books of the Company, which account shall set forth the capital of the Member in the Company. Such capital account shall be adjusted to reflect the Member's Membership Interests and any additional capital contributions to the Company or withdrawals of capital from the Company.

9. **Additional Contributions**. The Members shall make such additional capital contributions to the Company at such times and in such amounts as the Members by a unanimous vote shall determine.

10. **Profits and Losses**. The Members will share the net profits and losses of the LLC in accordance with their percentage interest set forth in Paragraph 6. The Members' profit allocation will be accounted for in accordance with their percentage interest set forth in Paragraph 6. Profit allocations shall be distributed to the Members once per year. The members are allowed to withdraw from their profit allocation at any time. If funds are available, all Members will receive enough funds from the Company to cover their income taxes for the total profit allocation by the Company.

11. **Assignments**. The Members may not assign or transfer in whole or in part their respective interests in the Company, without the permission of the other Members.

12. **Withdrawal of a Member; Termination of the Company**. The Members shall be permitted to withdraw from the Company at any time. Should a Member withdraw from the Company because of choice or death, or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, the remaining Members will have the option to buy out the remaining shares of the Company. Should the Members agree to buy out the shares, the shares will be bought in equal amounts by all Members. The Members agree to hire an outside firm to assess the value of the remaining shares. The Members will have 60 days to decide if they want to buy the remaining shares together and disperse them equally. If all Members do not agree to buy the shares, Members will then have the right to buy the shares individually. If more than one Member requests to buy the remaining shares, the shares will be split equally among those Members wishing to purchase the shares. If all Members agree by unanimous vote, the Company may choose to allow a non-Member to buy the shares thereby replacing the previous Member.

13. **Admission of Additional Members**. The Members, by a unanimous vote of the Members, may cause the Company to admit one (1) or more additional members to the Company or create different classes of members.

14. **Liability of Members**. The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL.

15. **Exculpation of Members**. The Members shall not be liable to the Company for any breach of duty in such capacity, unless otherwise provided by law. The Company will indemnify the Members for all costs, losses, liabilities and damages paid or accrued by the Member in connection with the Company's business, to the fullest extent provided or allowed by the laws of New York.

16. **Mediation**. All Members agree to enter into mediation before filing suit against any other Member or the Company for any dispute arising from this Agreement or Company. Members agree to attend one session of mediation before filing suit. If any Member does not attend mediation, or the dispute is not settled after one session of mediation, the Members are free to file suit. Any lawsuits will be under the jurisdiction of the state of New York.

17. **Other Business**. The Members may engage in or possess an interest in other business ventures (unconnected with the Company) of every kind and description, independently or with others. The Company shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

18. **Not a Joint Venture**. The Members intend that the Company not be a partnership (including, without limitation, a limited partnership) or joint venture, and that no Member be a partner or joint venturer of any other Member, for any purposes other than federal and state tax purposes, and this Agreement may not be construed to suggest otherwise.

19. **Incapacitation of a Member**. If a Member who is an individual dies or a court of competent jurisdiction adjudges the Member to be incompetent to manage his or her person or property, and the remaining Members decline to exercise their option to buy out the remaining shares of the Company as set forth in Paragraph 12, the Member's personal representative, administrator, guardian, conservator, trustee or other legal representative shall have all of the rights of an assignee of the Member's interest. If a Member is a corporation, trust, partnership, limited liability company or other entity and is dissolved or terminated, the powers of that Member may be exercised by its legal representative or successor.

20. **Dissolution**. Upon dissolution of the Company, the Members shall liquidate the Company's assets and shall do so as promptly as is consistent with obtaining fair value for them, and shall apply and distribute the assets of the Company as follows:

a)  First, to the payment and discharge of all of the Company's debts and liabilities to creditors of the Company other than the Members;

b)  Second, to the payment and discharge of all of the Company's debt and liabilities to creditors of the Company that are Members;

c)  Third, to the Members in accordance with their capital accounts, after giving effect to all contributions, distributions and allocation for all periods.

21. **Notices**. Unless otherwise specified in this Agreement, all notices, demands, requests or other communications which any of the parties to this Agreement may desire or be required to give hereunder (hereinafter referred to collectively as "Notices") shall be in writing and shall be given by mailing the same by prepaid Federal Express or other reputable overnight courier (for priority overnight delivery) to the appropriate Member at the address set forth in this Agreement. Notices given in compliance with the provisions of this Section shall be deemed given and/or received, as applicable, one (1) business day after deposit as aforesaid with Federal Express or other reputable overnight courier.

22. **Governing Law**. This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

23. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which together constitute one and the same instrument.

24. **Amendments**. Any amendment to this Agreement must be in writing and, subject to the provisions of Section 417(b) of the LLCL, must be approved in writing by all of the then current Members.

25. **Entire Agreement**. This Agreement sets forth the entire agreement and understanding in respect of the subject matter hereof and supersedes all prior and contemporaneous agreements, arrangements, and understandings, express or implied, oral or written, relating to the subject matter hereof.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, have duly executed this Amended and Restated Operating Agreement.

*[Signatures on Following Page]*

MEMBERS:

_____
JOHN MICHAEL LONG, an individual

_____
JOSHUA DONNOLO, an individual