

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew Blum
+1 (212) 551-8459
mblum@rosenbergestis.com

June 20, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:      *Tecspec LLC, et al. v. Michael Donnolo, et al.*
                  **Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Rearden:

      This law firm represents Defendants/Counterclaim Plaintiffs Braya Concepts LLC, Braya Machine Company LLC, Braya Systems LLC, and Braya Ventures LLC (collectively, the "Braya Entities"), as well as John Michael Long, Joshua Donnolo, and Michael Donnolo (collectively with the Braya Entities, "Counterclaim Plaintiffs") in the above-referenced matter. We submit this letter in connection with our motion filed today seeking temporary and preliminary injunctive relief against Plaintiffs/Counterclaim Defendants Richard Rose, Robert Senia, Ralph Schlenker, SRS Enterprises Inc., SRS Enterprises, NJ LLC, HVAC Service Associates and SRS Research LLC ("Plaintiffs/Counterclaim Defendants").

      Pursuant to Rule 4 of Your Honor's Individual Rules and Practices in Civil Cases, no notice to Plaintiffs/Counterclaim Defendants prior to the filing of the motion is necessary because the requirements of Federal Rule of Civil Procedure 65(b) are satisfied. As detailed in the accompanying papers, including the Declaration of John Michael Long, dated June 17, 2025 ("Long Dec.") and Declaration of Matthew S. Blum, dated June 20, 2025 ("Blum Dec."), Plaintiffs/Counterclaim Defendants have already begun writing threatening letters to Braya's actual and potential customers, specifically one dated June 17, 2025 ("Threat Letter") and falsely stating that the Braya Entities and their principals are subject to the preliminary injunction issued by this Court on June 6, 2025 (ECF No. 147) (the "June 6 Decision"). Advance notice of this application would embolden those efforts and result in further irreparable harm. *See* Long Dec., ¶¶ 15-22; *see also* Blum Dec., ¶¶ 4-8; Exhibit A, whereto a true and accurate redacted copy of the Threat Letter is annexed. In short, notice would accelerate the campaign of Plaintiffs/Counterclaim Defendants to disrupt as many of the Braya Entities' customer relationships as possible, with the hope that the damage they do cannot be undone

      The instant motion is necessitated by Plaintiffs/Counterclaim Defendants' deliberate misinterpretation of the June 6 Decision. Although that Order enjoins only Michael Donnolo, Plaintiffs are now representing, both publicly and in communications with third parties, that the

RE\24801\0001\6015632v2



June 20, 2025
Page 2

injunction applies to the Braya Entities as well. *See* Long Dec., ¶¶ 15-22; *see also* Blum Dec., ¶¶ 4-8; Exhibit A. They have used that misrepresentation to disrupt Braya's business operations and interfere with customer relationships, in an effort to obtain through market intimidation what they were denied by this Court's ruling.

      Accordingly, we respectfully ask the Court to, in addition to issuing the temporary restraining order, confirm and clarify that the June 6 Decision: (i) applies only to Defendant/Counterclaim Plaintiff Michael Donnolo and does not apply to any of the other Defendants/Counterclaim Plaintiffs, including the Braya Entities; and (ii) does not apply to nor enjoin the Braya Entities' performance of contracts or their business operations in any way.

      We thank the Court for its attention to this matter.

      Respectfully Submitted,

Matthew Blum

RE\24801\0001\6015632v2