## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TECSPEC LLC, RICHARD ROSE, ROBERT SENIA, and RALPH SCHLENKER,<br><br>                            Plaintiffs,<br>v.<br><br>MICHAEL DONNOLO, JOSHUA DONNOLO, JOHN MICHAEL LONG, BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, ABC CORPORATIONS 1-10,<br><br>                            Defendants.<br><br>BRAYA CONCEPTS LLC, BRAYA MACHINE COMPANY LLC, BRAYA SYSTEMS LLC, BRAYA VENTURES LLC, JOHN MICHAEL LONG, JOSHUA DONNOLO, and MICHAEL DONNOLO, individually and derivatively on behalf of Tecspec LLC,<br><br>                         Counterclaim Plaintiffs,<br>v.<br><br>RALPH SCHLENKER, ROBERT SENIA, RICHARD ROSE, SRS ENTERPRISES INC., SRS ENTERPRISES NJ LLC, HVAC SERVICE ASSOCIATES, and SRS RESEARCH LLC,<br><br>                       Counterclaim Defendants<br>                -against-<br>TECSPEC LLC<br>                       Nominal<br>                       Counterclaim Defendant | Case No. 1:24-cv-08077-JHR<br><br>**ORDER TO SHOW CAUSE FOR TEMPORARY RETRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**MEMO ENDORSED (p. 4)** |

Upon the Declaration of Matthew S. Blum, Esq., dated June 20, 2025, the Declaration of John Michael Long, dated June 17, 2025, Defendants/Counterclaim Plaintiffs' Memorandum of Law in Support of the Motion for a Temporary Restraining Order and Preliminary Injunction, dated June 17, 2025, and exhibits there, pursuant to Fed. R. Civ. Proc. ("FRCP") 65:

**LET** the above named Plaintiffs/Counterclaim Defendants Richard Rose, Robert Senia, Ralph Schlenker, SRS Enterprises Inc., SRS Enterprises, NJ LLC, HVAC Service Associates and SRS Research LLC, show cause before this Court, at Room 12B, United States Courthouse,

RE\24801\0001\6012871v5

- 2 -

Southern District of New York, 500 Pearl Street, New York, NY 10007, on _____, 2025, at _____ o'clock am/pm, or as soon as counsel may be heard, why an order should not be issued pursuant to FRCP 65, that Counterclaim Defendants, together with their counsel, representatives, agents, affiliates, assigns, or employees be enjoined and restrained from:

a. contacting, harassing, threatening, and/or communicating with, in any way, any and all current customers of Braya Concepts LLC, Braya Machine Company LLC, Braya Systems LLC and Braya Ventures LLC (singular ("Braya Entity," plural, "Braya Entities");

b. communicating about the Braya Entities to any potential customer of the Braya Entities;

c. disseminating defamatory and/or false statements concerning the Braya Entities and its principals John Michael Long and Joshua Donnolo, including but not limited to the false statement that any of the Braya Entities, or its principals, are subject to the Court's preliminary injunction (ECF No. 147) as a falsely-posited basis for why the Braya Entities cannot conduct business, enter into new business contracts irrespective of the county or location, or fulfill all existing contracts with Braya customers;

d. interfering, impeding, preventing or disrupting the Braya Entities from performing on any existing contract, including the Counterclaim Defendants' use of threats of lawsuits against Braya Entity customers, suing Braya Entity customers, intimidation, harassment, or dissemination of false statements, specifically concerning the Client-Company (as defined in the Declaration of John Michael Long, dated June 17, 2025); and

e. interfering, impeding, preventing or disrupting the Braya Entities' development of potential customers through tortious interference or other means, which includes by means of harassment, threats, intimidation, and/or communicating false statements to potential customers that any of the Braya Entities or its principals are

- 2 -

- 3 -

subject to the Court's preliminary injunction (ECF No. 147) as a basis for falsely stating that the Braya Entities cannot legally conduct business, enter into new contracts, or perform on existing contracts, irrespective of the county in which such business or potential business may be conducted.

**ORDERED,** that, for sufficient reason and good cause shown, pending the hearing and determination of Defendants/Counterclaim Plaintiffs' application for a preliminary injunction, this Order clarifies and confirms that the injunction issued by this Court on June 6, 2025 (ECF No. 147) (i) applies only to defendant/counterclaim plaintiff Michael Donnolo and does not apply to any of the other defendants/counterclaim plaintiffs, including the Braya Entities; (ii) does not apply to nor enjoins the Braya Entities' performance of contracts or their business operations in any way and Plaintiffs/Counterclaim Defendants, and their counsel, agents, assigns, representatives, and employees, are hereby restrained from;

a. interfering with the Braya Entities' performance and fulfillment of existing contracts, including by way of threats, intimidation, harassment, and disseminating false statements to Braya Entity customers;

b. commencing suit against Braya Entity customers for grounds which may be reasonably related to the Braya Entities; and

c. speaking to potential Braya Entity customers about the Braya Entities' ability to conduct business, perform on existing contracts or disseminating any false statements designed to damage business prospects for the Braya Entities,

**ORDERED,** that a copy of this order, together with the papers upon which it is signed, be served upon the Plaintiffs/Counterclaim Defendants' attorney(s) on or before _____ 2025, via electronic PACER filing, and that such service be deemed good and sufficient.

   **ORDERED**, Plaintiffs/Counterclaim Defendants may interpose opposition on or before _____,

   **ORDERED**, Defendants/Counterclaim Plaintiffs may interpose reply on or before _____,

   **ORDERED**, whereupon all papers are submitted, the parties shall appear for oral argument on the motion.

Dated: June ___, 2025
New York, New York

                   _____
                   JENNIFER H. REARDEN, U.S.D.J.

Application DENIED without prejudice. Pursuant to this Court's Individual Rules and Practices in Civil Cases, "the movant shall confer with its adversary before making an application for a temporary restraining order or other emergency relief" "unless the requirements of Federal Rule of Civil Procedure 65(b) are met." Indiv. R. 4.B. Defense counsel states that Defendants/Counterclaim Plaintiffs "did not notify Plaintiffs/Counterclaim Defendants of our intent to file the instant Order to Show Cause, because doing so would accelerate their campaign to disrupt as many customer relationships as possible with the hopes that the damage they do cannot be undone." ECF No. 152-2 ¶ 7. As this application was not filed *ex parte*, Defendants/Counterclaim Plaintiffs have failed to show that, had the parties met and conferred, "immediate and irreparable injury, loss, or damage w[ould] result to the movant before the adverse party c[ould] be heard in opposition." Fed. R. Civ. P. 65(b). Indeed, Plaintiffs/Counterclaim Defendants aver that the defense "never advised [them] that Michael Donnolo divested himself of any interest in the Braya entities prior to" sending the correspondence that is the subject of the proposed TRO. ECF No. 153 at 1-2. Such issues must be discussed between the parties *before* counsel seeks the Court's intervention.

To the extent Defendants/Counterclaim Plaintiffs renew their application for emergency relief, they must first (1) certify that they met and conferred in good faith—in person or on a virtual platform (*i.e.*, not in writing)—with Plaintiffs/Counterclaim Defendants, and (2) provide a declaration from Michael Donnolo regarding his role in the Braya entities from June 6, 2025 until the date of the renewed application.

The Clerk of Court is directed to terminate ECF No. 152.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: June 23, 2025