

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393  fax

New Jersey

Delaware

Maryland

Texas

Florida

Jason R. Melzer
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201.525.6313
Writer's Direct Fax: 201.678.6313
Writer's E-Mail: JMelzer@coleschotz.com

July 8, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden, U.S.D.J.
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re:**    *Tecspec LLC, et al. v. Michael Donnolo, et al.*
             **Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Rearden:

This office represents Plaintiffs in the above-captioned matter. We write in further opposition to Defendants' second July 8, 2025 correspondence [ECF 160] requesting leave to file an amended answer with counterclaims.

In an attempt to rectify their deficient, untimely pleading, Defendants filed their alleged 'redline comparison' earlier this morning (after the deadline to amend had expired). Local Rule 15.1 states as follows:

> Except for motions made by pro se litigants, all motions made under Fed. R. Civ. P. 15(a)(2) or (d) must also include as an exhibit (1) a clean copy of the proposed amended or supplemental pleading; and (2) a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—***all differences from the pleading that it is intended to amend or supplement.***

SDNY Local Rules, R. 15.1. (emphasis added). Defendants have failed to do so. As clearly demonstrated by the redline comparison that Plaintiffs were forced to run (without the benefit of Word versions), the redline proffered by Defendants fails to demonstrate the differences between

COLE SCHOTZ P.C.

The Honorable Jennifer H. Rearden, U.S.D.J.
July 8, 2025
Page 2

the current version of the Counterclaims and the proposed amended Counterclaims. A true and correct copy of the redline ran by Plaintiffs is attached hereto as Exhibit A. Specifically, Count II is now an entirely different claim (aiding and abetting the breach of the Non-Compete versus simply breach of the Non-Compete) and Counts VII, and VIII contain entirely new allegations (¶¶ 494-499, 502, 510-515, 517). ***None of these critical changes are reflected in Defendants' redline version***. A true and correct copy of Defendants' deficient redline is re-attached hereto as Exhibit B, for the Court's ease of reference.

As such, Defendants have still failed to comply with Local Rule 15.1, and this is grounds alone to deny their motion for leave to amend.[1] Moreover, as explained in Plaintiffs' previous correspondence [ECF 159], the deadline to amend pleadings was July 7, 2025. Defendants have unequivocally missed that deadline, and therefore, their motion should also be dismissed on this independent basis.

For all of the reasons set forth above, Plaintiffs and Counterclaim Defendants thus respectfully request that this Court deny Defendants' motion for leave to amend their answer and counterclaims.

As always, we thank the Court for its time and attention to this matter.

                Respectfully submitted,

                */s/ Jason R. Melzer*

                Jason R. Melzer

---

[1] Plaintiffs also incorporate by reference all arguments contained in Plaintiffs' first July 8, 2025 correspondence [ECF 159].



The Honorable Jennifer H. Rearden, U.S.D.J.
July 8, 2025
Page 3

JRM: ahw

cc:    Matthew S. Blum, Esquire (Via ECF)
       Jay H. Min, Esquire (Via ECF)