

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew Blum
+1 (212) 551-8459
mblum@rosenbergestis.com

July 8, 2025

**VIA ECF**

The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re:**     *Tecspec LLC, et al. v. Michael Donnolo, et al.*
                  **Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Rearden:

    We write in response to the opposition filed by Counterclaim Defendants [Doc. No. 159 and 161], in connection with the request by Counterclaim Plaintiffs to amend the counterclaims, which seek to greatly capitalize on filing errors. [Doc. Nos. 158, 160].

    Counterclaim Defendants contend that the request to amend should be denied because the filing was untimely; claiming that it was filed in the "early hours of July 8, 2025", failed to attach the amended pleading, and it is purportedly highly prejudicial to them.

    At 12:01am this morning, the letter requesting leave to amend was filed ("Letter") [Doc. No. 158], by my colleague Matthew Blum, who is traveling for work. The very last sentence of the letter provides that "A copy of the proposed amended Counterclaims is attached, which is redlined against the original Counterclaims, pursuant to Rule 1 (D) of Your Honor's Individual Rules and Practices in Civil Cases." Unfortunately, by filing error, the redlined version was not attached.

    At 10:29am, Counterclaim Defendants brought this to our attention and to the attention of this Court in the opposition that they filed. [Doc. No. 159].

    Four minutes later, at 10:33am, the Letter was refiled, along with a marked version of the proposed amended pleading (Exhibit A) and a clean version of the proposed amended pleading (Exhibit B).

    As explained in the Letter, and reiterated herein, there is no prejudice to Plaintiffs/Counterclaim Defendants ("Counterclaim Defendants") if leave to amend is granted since this case is in its early stages and discovery has yet to be exchanged. Moreover, Counterclaim Defendants were aware that leave to amend would be sought because Counterclaim Plaintiffs



July 8, 2025
Page 2

sought their consent to amend, yet, Counterclaim Defendants denied that request for consent (Letter fn.1), thus necessitating the Letter requesting leave.

As also explained in the Letter, there is no undue delay as Counterclaim Plaintiffs are simply seeking to amend their Counterclaims both: (i) in response to arguments raised for the first time in Counterclaim Defendants' pending motion to dismiss the counterclaims [ECF Nos. 134–136], which the amended pleading addresses, thereby obviating the need for this Court to render a decision on that motion, and (ii) in light of this Court's recent June 6 Decision, which necessitated the revised allegations.

In light of the liberal standards that govern requests to amend pleadings, as cited in the Letter, we respectfully urge this Court to grant the request.

Additionally, in an abundance of caution, we have also filed a redline comparison of the current Answer with Counterclaims on file [Doc. No. 110] and the proposed amended counterclaim.

We thank the Court for its attention to this matter and apologize for any confusion with the filings.

Respectfully Submitted,

Daniel C. Gibbons, Esq.

RE\24801\0001\6033382v1