```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TECSPEC LLC ET AL.,                          :
                                             :   24-CV-8077 (JHR) (RWL)
                        Plaintiffs,          :
                                             :
        - against -                          :       ORDER
                                             :
                                             :
MICHAEL DONNOLO ET AL.,                      :
                                             :
                        Defendants.          :
                                             :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

By letter motion dated July 18, 2025, Plaintiffs seek to quash a document subpoena served on Bank of America and Columbia Bank (the "Subpoena"). (Dkt. 163; *see also* Dkt. 164 (Defendants' response).) The Subpoena seeks communications between the banks and Plaintiffs or their attorneys as well as all documents and communications concerning accounts for any of the so-called SRS Entities, which are named as counterclaim defendants. The material sought by the Subpoena is ostensibly relevant to Defendants' counterclaims, which include allegations of siphoning corporate assets, self-dealing, and fraudulent credit applications.

Defendants assert that Plaintiffs have no standing to make the motion because Plaintiffs have not articulated any harm they would incur if the documents were produced and because the accounts are corporate and not personal. The Court rejects that argument in light of the nature of the information sought, the parties' allegations, the parties' relationship, and the bitterness of their dispute.

1

Plaintiffs argue that the Subpoena is premature. The Court disagrees. Although the case is early in discovery, particularly with respect to Defendants' counterclaims, the mere fact that the Subpoena is directed to a third party does not inherently preclude its issuance. The banks well may be in possession of responsive documents for which the counterclaim defendants either never had or did not maintain copies. Moreover, the banks have not filed anything of record to suggest that the Subpoena imposes any undue burden on them or other reason why a protective order would be appropriate. And, although Plaintiffs' motion to dismiss Defendants' counterclaims is pending, discovery on the counterclaims has not been stayed.

The Court also does not agree that the Subpoena should be limited to only those documents relating to transactions with TecSpec. Allegations in the counterclaims encompass the group of "SRS" companies, and transfers between those entities are potentially implicated. The Court agrees with Plaintiffs, however, that the Subpoena requests are overbroad with respect to time frame. Accordingly, the Court limits the Subpoena to documents dating from 2017 and thereafter.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 163 and 164.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2025
New York, New York

Copies transmitted this date to all counsel of record.