**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

Matthew Blum
+1 (212) 551-8459
mblum@rosenbergestis.com

September 10, 2025

**VIA ECF**
The Honorable Jennifer H. Rearden, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Tecspec LLC, et al. v. Michael Donnolo, et al.*
            Civil Action No. 24 Civ. 8077 (JHR)
            Letter in re: Counterclaim Plaintiffs' Motion for Preliminary Injunction against Counterclaim Defendants.

Your Honor:

    My firm represents Counterclaim Plaintiffs in the above-referenced action. I write concerning Counterclaim Plaintiffs' motion for preliminary injunction against Counterclaim Defendants, *sub judice* and fully submitted on May 15, 2025 (ECF No. 120, "Counterclaim Plaintiffs' Motion") to suggest a means to grant that part of Counterclaim Plaintiffs' Motion based on this Court's interpretation of the non-compete provision to which Counterclaim Defendants' Rose, Schlenker, Senia, and Counterclaim Plaintiff M.Donnolo are equally bound as Tecspec members.

    In the Court's Opinion & Order dated June 6, 2025 (ECF No. 147, "Order"), Your Honor interpreted the applicable non-compete provision contained in the operating agreement signed by Rose, Schlenker, Senia, and M.Donnolo as members (ECF No. 120-4, "Operating Agreement") to mean that Counterclaim Plaintiff Michael Donnolo, "*agreed not to 'carry on or be engaged in[] or connected with or interested in' any business dealings or transactions 'which compete[]' with Tecspec and are 'located in a county in which [Tecspec] is doing or has done business.'*" Order, at 10 (emphasis added) ("Non-Compete"). It is axiomatic the same restriction applies equally to Rose, Schlenker, and Senia, who signed the same Operating Agreement.

    Applying such restriction, it is an <u>undisputed</u> fact that Rose, Schlenker, and Senia compete with Tecspec by selling HVAC products of other manufacturers – products which Tecspec also manufactures selling through SRS Enterprises, Inc., SRS Enterprises NJ LLC, HVAC Service Associates, and SRS Research LLC (collectively, "SRS Entities"), which Rose, Schlenker, and Senia own and control, doing business in locations where Tecspec has undisputedly done business:

> ECF No. 154-1, ¶¶18-22: Tecspec manufactured/sold personal air diffusers, where Counterclaim Defendants are actively selling competing units by Numa Products: www.srs-enterprises.com/product-category/specialty/

> ECF No. 154-1, ¶¶23-28Tecspec manufactured/sold heating and cooling pump skids, where Counterclaim Defendants are actively selling competing units by Glacier Group: www.srs-enterprises.com/product-category/hydronic/

**ROSENBERG & ESTIS, P.C.**
ATTORNEYS AT LAW

September 10, 2025
Page 2

      The foregoing is consistent with Counterclaim Defendant Senia's admissions that the SRS Entities compete with Tecspec, Senia stating to this Court that the SRS Entities market and sell manufacturers' HVAC components to small and large facilities for projects in the existing and new building construction markets throughout New York City (where Tecspec does business). Senia further admits that he, through the SRS Entities, not only sells Tecspec manufactured products but also those of several other HVAC manufacturers. (ECF No. 49-3, Senia Decl., ¶¶ 4-6.)

      It is undisputed that Counterclaim Defendants have violated, and are violating, the Non-Compete provision in the Operating Agreement by competing with Tecspec. And for the only defense offered by Counterclaim Defendants to their unlawful competition, Counterclaim Defendants claim to act as "manufacturer's representatives," which controlling precedent holds <u>not</u> to be a defense. *See Sapery v Atl. Plastics, Inc.,* 258 F2d 793, 796 (2d Cir 1958) (Where a manufacturer's representative was selling competing products from different manufacturers, "[u]nless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency.").

      Here, Counterclaim Defendants' competition is exponentially worse than what the Second Circuit Court of Appeals found to be a breach in *Sapery v Atl. Plastics, Inc*. In this instance, Counterclaim Defendants act as, <u>*both*</u> the principal <u>*and*</u> the agent, switching hats only when it suits them to be deceptive, or to divert assets/money to themselves. Meanwhile, as the Court has interpreted and applied the Non-Compete, Counterclaim Defendants continue to violate the Non-Compete by competing with Tecspec as of the filing of this letter, while M. Donnolo has been effectively prevented from working for the last three months since enjoined by the issuance of the Order.

      Equally enjoining Counterclaim Defendants in the same manner as M. Donnolo, for violating the very same Non-Compete avoids the inequity of M. Donnolo's current restraint from pursuing his livelihood while Counterclaim Defendants continue to profit from the very same and other illicit conduct.

      Moreover, enjoining Counterclaim Defendants from continuing their egregious, undisputed self-dealing in taking Tecspec product for themselves (at a loss to Tecspec) to sell at a profit through SRS Entities would mitigate the continuing financial injury to Tecspec, as well as eliminate a revenue stream for Counterclaim Defendants from activity that is patently illegal.

      Counterclaim Plaintiffs therefore request this Court to immediately, equally enjoin Counterclaim Defendants from competing with Tecspec to avoid inequitable results by applying the same Non-Compete to all parties, and to enjoin Counterclaim Defendants from engaging in self-dealing and/or diversion of assets by their taking of Tecspec products (at a loss to Tecspec) only to sell them at a profit (through SRS Entities).



September 10, 2025
Page 3

      We thank the Court for its time and consideration of this request.

                                                 Respectfully Submitted,

                                                 Matthew Blum

RE\24801\0001\6108156v1