1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000 212-752-8393 fax




New Jersey
Delaware
Maryland
Texas
Florida

Jason R. Melzer
Member
Admitted in NJ and NY

Reply to New York Office
Writer's Direct Line: 201.525.6313
Writer's Direct Fax: 201.678.6313
Writer's E-Mail: JMelzer@coleschotz.com

November 4, 2025

**VIA ECF**

The Honorable Robert W. Lehrburger, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007-1312

**Re:** ***Tecspec LLC, et al. v. Michael Donnolo, et al.***
**Civil Action No. 24 Civ. 8077 (JHR)**

Dear Judge Lehrburger:

This office represents Plaintiffs/Counterclaim Defendants Tecspec LLC, Richard Rose, Robert Senia, Ralph Schlenker, SRS Enterprises Inc., SRS Enterprises NJ LLC, HVAC Service Associates Inc., and SRS Research LLC (the "Tecspec Parties") in the above-captioned matter.[1] We write in accordance with Rule II.D of Your Honor's Individual Practices.

The Tecspec Parties and Defendants/Counterclaim Plaintiffs have been conferring in good faith regarding a Protective Order to be entered in this action. However, the parties have been unable to reach a resolution regarding one issue: whether the Tecspec Parties' can designate the following records as 'attorneys' eyes only', and exclude Defendant Michael Donnolo, a current member of Tecspec, from viewing same: business records of Tecspec, including but not limited to emails, notes, technical schematics, drawings, and plans related to air flow and the design and manufacture of HVAC units and related equipment, parts, and accessories, unique and specially tailored modifications to equipment and machinery used to manufacture HVAC units and related parts and accessories.

As this Court is aware, Plaintiffs have brought claims against M. Donnolo for misappropriating Tecspec's trade secrets, breaching his Non-Compete Provision, and breaching his fiduciary duties to Tecspec, among other things. While M. Donnolo is currently still a Member of Tecspec, he has not acted and is not acting with Tecspec's best interests in mind. Indeed, this Court has already recognized that M. Donnolo's involvement with Braya, while being a member of Tecspec, is likely a breach of his Non-Compete Provision, and enjoined him from same. [ECF # 147].

[1] This firm does not currently represent Counterclaim Defendants Christina Senia and Numa Products, LLC.






If M. Donnolo is allowed access to such confidential and sensitive documents, it is not only plausible but likely that he will abuse such access by utilizing Tecspec's sensitive information in a way that furthers Braya's agenda and damages Tecspec even further. By way of example, M. Donnolo would be able to use this information to misappropriate even more of Tecspec's designs and research, *i.e*., its trade secrets. While M. Donnolo is allegedly no longer involved with Braya, the fact remains that his own brother is currently operating the business. There is a real and significant concern that M. Donnolo would pass along this information to his brother or the other defendants, thus causing even more damage to Tecspec. This should not be countenanced.

Simply put, Plaintiffs are alleging that M. Donnolo previously abused his access to such documents while he was actively working for Tecspec; it would be nonsensical to allow him access to these documents now that he is actively working ***against*** Tecspec, as well as being adverse to Tecspec in this action. In light of this substantive and procedural posture, M. Donnolo's insistence on having access to such documents is inherently suspect.

Counsel for the parties met and conferred via teleconference on October 21, 2025, and were unable to reach a resolution. The Tecspec Parties are thus respectfully requesting a discovery conference with this Court.

As always, we thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Jason R. Melzer*

Jason R. Melzer